STIEBEL et al. v. GROSBERG.

(Supreme Court, Appellate Division, First Department.   March 11, 1910.)

EVIDENCE (§ 444*)—PAROL EVIDENCE—RELEASE—DELIVERY ON CONTINGENCY.

> A general release signed, sealed, and delivered may be shown by parol to have been delivered to take effect on a contingency which has never happened.
>
> [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1944; Dec. Dig. § 444.*]

Appeal from Trial Term, New York County.

Action by Samuel J. Stiebel and others against John Grosberg. From a judgment for plaintiffs, defendant appeals.   Affirmed.

See, also, 134 App. Div. 970, 119 N. Y. Supp. 1146.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Solomon Hanford, for appellant.
Barnett L. Hollander, for respondents.

SCOTT, J.   In this action the plaintiffs sue upon a demand note executed by defendant.   The sole defense is founded upon a general release, sealed and signed by plaintiffs.   A reply, interposed by direction of the court, sets up, somewhat inartificially, that while the release was given or intrusted to defendant it was not delivered, had no legal inception or effect as a release, and was agreed to be returned to plaintiffs upon demand.   The facts as developed upon the trial, and not disputed, were that defendant, after he had given his note to plaintiffs, informed them that another creditor had begun suit against him for a considerable sum and threatened to throw him into bankruptcy; that he considered plaintiffs' claim a debt of honor which he proposed to pay in any event; and that in case he was thrown into bankruptcy he did not wish plaintiffs' claim to be included in his schedules.   He therefore asked plaintiffs to execute a general release to become operative only in case defendant should go into bankruptcy, and to be returned to plaintiffs if defendant did not become a bankrupt.   This proof stands wholly uncontradicted, although the defendant was examined as a witness and testified that he had not gone or been forced into bankruptcy, since the date on which the release was signed.

The sole question presented by this appeal is, therefore, whether or not it is competent to defeat the apparent effect of a written instrument, which is in form a complete contract, and of which there has been a physical delivery, by showing that it was made and delivered upon an oral agreement that it was not to become a binding contract unless a future and anticipated event should occur, and that such contingency had not arisen.   This question seems to have been conclusively answered in this state in the affirmative.   Reynolds v. Robinson, 110 N. Y. 654, 18 N. E. 127;  Blewitt v. Boorum, 142 N. Y. 357, 37 N. E. 119, 40 Am. St. Rep. 600;  Spencer v. Huntington, 100 App. Div. 463, 91 N. Y. Supp. 561;  Gilroy v. Everson-Hickok Co., 118 App.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Div. 733, 103 N. Y. Supp. 620. A well-recognized exception to the rule is found in the case of deeds and other instruments affecting real estate. Blewitt v. Boorum, supra; Hamlin v. Hamlin, 192 N. Y. 164,. 84 N. E. 805. Another exception has sometimes been suggested, although not authoritatively recognized, in the case of sealed instruments whereof a seal is essential to their validity; but it is well settled that the rule is applicable to instruments, which, although bearing seals,. are not in the nature of specialties, and the presence of a seal is unnecessary to their validity. Blewitt v. Boorum, supra. Such is the case of a general release which needs only the support of a sufficient consideration and is valid if so founded or if sealed. Dambmann v.. Schulting, 75 N. Y. 58. A seal adds nothing to such a document except to furnish presumptive evidence of a consideration. The cases cited to us by appellant are, in the main, those relating to instruments affecting real estate, or those in which it was attempted by parol evidence to vary or qualify written instruments. These cases are governed by quite different rules of law. The theory upon which the rule applied in the present case proceeds is that the release, having been given upon a contingency which did not happen, never became effective at all.

The judgment appealed from is affirmed, with costs. All concur.