BOND v. VANDEGRIFT.

(Supreme Court, Appellate Term. April 12, 1911.)

1. EVIDENCE (§ 462*)—PAROL EVIDENCE—VARYING WRITTEN INSTRUMENT.

Under the rule that parol testimony is admissible to show that a writing purporting to be a contract is no contract, a maker of a note may prove by parol that it was executed merely as a receipt to show the amount of moneys advanced by the payee in the promotion of a corporation in which he was interested.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2134–2139; Dec. Dig. § 462.*]

2. BILLS AND NOTES (§ 516*)—ACTIONS—EVIDENCE.

In an action on a note, evidence *held* not to support a verdict that it was given merely as a receipt, to show the amount of moneys advanced by the payee in the promotion of a corporation in which he was interested.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 516.*]

Appeal from City Court of New York, Trial Term.

Action by Allen Bond against Joseph A. Vandegrift. From an order of the City Court of the City of New York, setting aside a verdict for defendant, and ordering a new trial, he appeals. Affirmed.

Argued before SEABURY, LEHMAN, and GERARD, JJ.

Walter S. Newhouse, for appellant.

Charles Pope Caldwell, for respondent.

GERARD, J. This action was brought upon a promissory note made by defendant to the order of plaintiff for $739.66. The defendant admitted the making of the note, but set up as a separate defense that the note sued on was a renewal note of a note for $700, given by defendant to plaintiff upon an oral agreement that the defendant should not be liable thereunder, and that the note was executed and given to the plaintiff merely as a receipt or voucher, to show the amount of moneys advanced up to that date by the plaintiff in the promotion of the Equitable Bond & Certification Company, not then in existence, but in the promotion of which company defendant claims plaintiff was interested. Defendant further claims that plaintiff subscribed to shares of the company, and that at the time of the execution of the note that it was agreed that the amount of the note should be credited plaintiff on the purchase of the stock; that about a year afterwards, plaintiff not having taken up his stock, at his request defendant gave the renewal note, adding interest, and gave this note to the plaintiff on the same understanding and agreement. This testimony of the defendant was denied by the plaintiff. The defendant

used the money received from plaintiff in the promotion of the Equitable Bond & Certification Company, and received in return a large quantity of its stock.

It is to be noted, while the claim of defendant is that plaintiff really loaned this money to the company, that nevertheless at a meeting of the company's directors at which defendant was present they by resolution agreed to repay to defendant the moneys which plaintiff had loaned to defendant, that a year after the company was organized plaintiff wrote defendant that unless the note was paid he would bring suit, that defendant called on plaintiff and renewed the note, that the company never in any way recognized plaintiff as its creditor, that the company was organized for nearly a year before the defendant gave the renewal note, that one Rice called on defendant and asked ,him to pay the note, and that he pleaded poverty and promised to pay. All these facts and circumstances, with the denial of plaintiff, are arrayed against the defendant's testimony on an issue on which he had the burden of proof.

The order should be sustained, first, if the court erred in receiving the evidence of defendant's alleged defense; or, second, if said defense was properly admitted, but the verdict was against the weight of evidence.

[1] The Court of Appeals has recently held, in the case of Smith v. Dotterweich, 200 N. Y. 299, 93 N. E. 985, that oral testimony is admissible to show that a writing which purports to be a contract is in fact no contract at all, and was never a contract, distinguishing that case from the Jamestown College Case, 172 N. Y. 291, 64 N. E. 952, 92 Am. St. Rep. 740, where it was held that, when a promissory note was once given as a valid and existing contract, proof is inadmissible of an oral agreement by which the payee agreed to release the maker and cancel the note on the happening of a condition subsequent, of a future contingency, which might or might not arise. Here the defendant, in offering his separate defense, brought himself within the rule in the Dotterweich Case, because he alleged that it was agreed that the note was not a contract at all.

[2] However, an examination of the record shows that the learned court below was entirely justified in setting aside the verdict in defendant's favor as against the weight of evidence. All the surrounding circumstances above set forth tend to negative defendant's version of this transaction, and he had to make out a separate defense by a fair preponderance of evidence.

Order affirmed, with costs. All concur.