### EQUITABLE TRUST CO. OF NEW YORK v. HALPERT.

(Supreme Court, Appellate Term. January 5, 1912.)

1. EVIDENCE (§ 420*)—PAROL EVIDENCE AFFECTING NOTE.
    In an action on a note, it was error to exclude testimony for defendant that he signed upon condition that the note would be enforceable only on plaintiff issuing a life policy entirely satisfactory to defendant.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1929–1944; Dec. Dig. § 420.*]

2. APPEAL AND ERROR (§ 172*)—ANSWER—DEFECTS—WAIVER.
    A judgment for plaintiff cannot be sustained on appeal on account of an amendable defect in the answer, consisting in an obvious clerical error, where the defect was not pointed out at the trial.
    [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 172.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the Equitable Trust Company of New York against Louis Halpert. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Max Salomon, for appellant.
McLear & McLear, for respondent.

LEHMAN, J. [1] The plaintiff has brought suit upon a written instrument calling for the payment of money. The answer sets up that the defendant—

"was induced to and did sign a paper, which defendant believes to be the paper sued on herein, upon condition and upon the distinct understanding and agreement that this instrument would *only be enforceable* provided the plaintiff would issue a life insurance policy to the defendant, which policy was to be entirely satisfactory to the defendant, and, if said policy was not satisfactory to the defendant, defendant was not obliged to accept the same, and said instrument was null and void, and *not to go into effect or to be enforceable* until defendant accepted said policy."

At the trial the plaintiff introduced the written instrument in evidence, and the trial justice held that it was a negotiable instrument. The defendant then attempted to introduce evidence to sustain the defense; but this evidence was excluded, on the ground that the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

answer set up a condition subsequent, and that no proof was admissible which would vary the terms of the written instrument. Jamestown Business College Association v. Allen, 172 N. Y. 291, 64 N. E. 952, 92 Am. St. Rep. 740. That case has, however, been explained by the subsequent case of Smith v. Dotterweich, 200 N. Y. 299, 93 N. E. 985, 33 L. R. A. (N. S.) 892. In the latter case it was held that parol testimony was admissible to establish a—

"condition which was to be performed before the transaction witnessed by the delivery of the note to the plaintiff and the delivery of the policies and receipt to the defendant was to be regarded as binding and consummated. * * * When the oral testimony goes directly to the question whether there is a written contract or not, it is always competent."

Regardless, therefore, of the question whether or not the instrument sued upon is a negotiable instrument, the trial justice erred in excluding the testimony as to the condition precedent.

[2] I have not overlooked the contention that, owing to an obvious clerical error in the answer, the plea itself is technically defective. This defect was not pointed out by the plaintiff at the trial, and was not considered by the trial justice in his opinion. If it had been pointed out, an amendment would certainly have been permitted at the trial, and it would be absolutely unjust to sustain the judgment for this technical defect in the answer.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.