CARL HECHINGER, Respondent, *v.* JUAN ULACIA and RAMON ULACIA, Appellants.

First Department, December 17, 1920.

Sales — agreement as to sale to be followed by definitive contract and guaranty of payment — action under said agreement for refusal to deliver goods — defense that said agreement was merely a memorandum of contract to be executed — admissibility of parol evidence to show such defense.

Where the answer in an action to recover for the defendants' refusal to deliver goods pursuant to an alleged contract of sale asserts that the contract alleged by the plaintiff was merely a provisional agreement

which was to be superseded by a definitive contract which, among other things, required the buyer to guarantee payment for the goods by a bank approved by the defendants and that the buyer refused to furnish such guaranty and refused to sign the definitive contract agreed upon after due demand, it was error for the court to exclude evidence tending to establish said defenses upon the ground that it tended to vary the terms of a written contract.

Evidence to establish said defenses did not tend to vary the terms of the contract but on the contrary tended to show that the agreement alleged in the complaint was not mutually understood to be the contract between the parties, but was merely a temporary memorandum of the contract to be executed.

APPEAL by the defendants, Juan Ulacia and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 26th day of January, 1920, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 4th day of February, 1920, denying defendants' motion to set aside the verdict and for a new trial made upon the minutes.

*S. Hanford* of counsel [*William Hauser* with him on the brief], for the appellants.

*Edgar J. Bernheimer* of counsel [*Hollander & Bernheimer*, attorneys], for the respondent.

PAGE, J.:

The action was to recover damages for the defendants' refusal to deliver to the plaintiff's assignor a quantity of molasses pursuant to the terms of an alleged contract, a copy of which was annexed to the complaint. The answer set up as one defense that the said alleged contract was understood by and between the parties thereto to be only a temporary or provisional agreement or memorandum of the transactions had between the parties thereto, and was to be supplanted by a definitive contract which was to embody in detail the agreements made, which was to contain, among other things, a guaranty of the payment for the molasses, contemplated to be purchased under said agreement, by a bank approved by the defendants; that the plaintiff's assignor failed, refused and neglected to furnish the guaranty and also failed, refused

and neglected to sign the definitive contract agreed upon; that thereafter a notarial demand, pursuant to the Law Merchant and the Civil Code in force and effect in Havana, Cuba, was made upon the plaintiff's assignor that he furnish to defendants the guaranty of payment and the execution of the definitive contract agreed upon, or in event of the failure to provide such guaranty and to execute the definitive contract, that the provisional contract theretofore existing between the parties would be considered and treated as void and of no further force and effect and that the defendants would be at liberty to dispose of the merchandise as to them seemed best; that the plaintiff failed, refused and neglected to comply with the said notarial demand, and that by reason thereof the temporary and provisional contract became void.

Upon the trial the court excluded all evidence tending to establish this defense, upon the ground that it tended to vary the terms of a written contract. This evidence consisted of a letter written by the agent of the plaintiff's assignor, who signed the contract in suit, inclosing the same for defendants' signature, in which he refers to it as a provisional contract, and states " the definitive contracts will be signed within a few days in substitution of those which I hereby enclose, by you and by my said principal, which contract will show all the known conditions which are required by the same and which are stipulated in its contracts by the Cuba Distilling Company of this City [Havana]. At the same time the contracts will be guaranteed by Bank signature as I offered you; " and also of the correspondence between the parties as to the obtaining of the guaranty of a bank and various offerings of the plaintiff's assignor in lieu of such guaranty; and of correspondence and depositions relating to the preparation of the definitive contract, the failure of the plaintiff's assignor to sign the same and his refusal on demand to give the bank guaranty or sign the definitive contract.

This evidence did not tend to vary the terms of a contract entered into between the parties, but did tend to show that the instrument, a copy of which was annexed to the complaint, was not understood by either party to be their contract but was merely a preliminary temporary memorandum of a contract which was later to be executed by the parties, the

performance of which was to be guaranteed by a bank acceptable to the defendants.

Parol evidence may not be received to vary the terms of a written contract that the parties have made and that is complete in itself so that it will be assumed to be the final expression of their agreement, but " parol evidence is admissible to show conditions relating to the delivery or taking effect of the instrument, as that it shall only become effective upon certain conditions or contingencies, for this is not an oral contradiction or variation of the written instrument, but goes to the very existence of the contract and tends to show no valid and effective contract ever existed." (22 C. J. 1150; *Smith* v. *Dotterweich,* 200 N. Y. 299; *Grannis* v. *Stevens,* 216 id. 583, 587.)

The agreement was for the sale of the defendants' entire production of a certain grade of molasses for four years. The contract was to be made and performed in Cuba, where the defendants resided. The plaintiff's assignor was a resident of New Orleans, La. The bank guaranty of the contract was a substantial element of the contract. If, therefore, the contract annexed to the complaint had been delivered upon condition that it should not be binding on the parties, unless and until the performance thereof was guaranteed by a bank acceptable to the defendants, it would have been entirely competent for the defendants to have proved this condition precedent by parol evidence, within the rule above laid down. How much more then should they be allowed to show that the instrument was not understood or intended by either party to be a contract but merely a memorandum, and that a definitive contract, containing other terms and conditions, guaranteed by a bank, was to be entered into later. The evidence was erroneously excluded.

The judgment will, therefore, be reversed and a new trial granted, with costs to the appellants to abide the event.

CLARKE, P. J., LAUGHLIN, SMITH and MERRELL, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellants to abide event.