MYER ROSENTHAL, Respondent; v. THE UNITED TRANSPORTATION COMPANY, Appellant.

First Department, April 29, 1921.

Principal and agent — action to recover portion of commission earned on sale of vessel by several agents — interpleader of foreign agent properly denied — personal service necessary on motion to interplead third party — construction of instrument purporting " to protect " one of three agents in two-thirds of commission — parol evidence admissible to ascertain purport of written instrument — when authority to receive money for another may be revoked.

In an action to recover two-thirds of the commission received by the defendant, a New York concern, for the sale of a steamship, it appeared that the steamship had been placed in the hands of the defendant and a Massachusetts corporation for sale. The latter had an agent in New York city who introduced the plaintiff to the defendant, and thereafter the plaintiff brought about the sale. Prior to the same the plaintiff received a letter from the defendant whereby, in effect, it agreed " to protect " him for two-thirds of the commission accruing from the sale. There was also some evidence introduced to show that prior to the sale an agreement was made between the plaintiff, the defendant and the representative of the Massachusetts agent that the commission should be received by the defendant and divided into three equal parts, one of which the defendant was to retain, one to be paid to the plaintiff, and the third part to the Massachusetts agent.

Held, that a motion for interpleader seeking to bring in the Massachusetts agent, made upon service on said agent's representative in this State, was properly denied, since said agent had no power, being a non-resident, to designate a person upon whom service of summons or notice of motion could be made.

In order to interplead a third party the defendant must make personal service upon the party to be interpleaded so as to bring that party within the jurisdiction of the court.

The instrument purporting " to protect " the plaintiff was not an arrangement in which the brokers, or their representative authorized to sell

the vessel, concurred, so as to free the defendant from its obligation of paying the two-thirds over to the plaintiff, since there was no promise to pay, but merely a promise " to protect " the plaintiff.

It was error on the part of the trial court to reject oral evidence corroborative of evidence tending to show that each broker was to receive one-third of the commission, since it is not improper to show that the instrument was given not to create a liability, but in fact for the purpose stated therein.

The authority given to the plaintiff to receive the money might have been revoked at any time before the money was handed over even though the defendant had executed the paper as here claimed for the benefit of the plaintiff and the selling brokers.

GREENBAUM, J., dissenting in part.

APPEAL by the defendant, The United Transportation Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 24th day of November, 1920, upon the verdict of a jury rendered by direction of the court; also from an order entered in said clerk's office on the 10th day of December, 1920, denying defendant's motion for a new trial made upon the minutes, and also from an order entered in said clerk's office on the 15th day of April, 1920, denying defendant's motion for an interpleader.

*Twyman O. Abbott* of counsel [*F. C. Nickerson,* attorney], for the appellant.

*Mortimer M. Menken* of counsel [*Menken Brothers,* attorneys], for the respondent.

SMITH, J.:

The action is brought to recover of the defendant two-thirds of $5,000 which was received by the defendant as commission for the sale of the steamship *American.* This ship was owned by some parties in Halifax and was put in the hands of Simpson & Co., shipbrokers, in Boston, for sale. Simpson & Co. had an agent in New York by the name of Gallupe. The steamship was also put in the hands of the defendant for sale. Gallupe introduced the plaintiff to the defendant, and the plaintiff thereafter brought about the sale of the steamship for the sum of $35,000. Thirty thousand

dollars was to be paid to the owners of the ship and the $5,000 was to be retained as commissions for the sale. Prior to the sale, however, the plaintiff received from the defendant the following paper:

> " THE UNITED TRANSPORTATION COMPANY
> " Steamship Agents
> " 17 Battery Place
> " New York
> " Cable Address: ' Uteco,' New York.
> " Codes: Scott's A. B. C. Fifth Edition.
>
> " 5th *September*, 1919.
> " Mr. M. ROSENTHAL,
> " 18 Broadway,
> " New York City:
> " S. S. American.

" DEAR SIR.— We hereby agree to protect you for two-thirds ($\frac{2}{3}$) of the commissions accruing from the sale to be consummated through you of the S. S. *American* or two-thirds ($\frac{2}{3}$) of overage of $5,000.00 over the net purchase price to the owners of $30,000.

> " Very truly yours,
> " THE UNITED TRANSPORTATION COMPANY,
> " J. H. ROGERS, *Treasurer.*"

Some evidence was introduced to show that prior to this sale an agreement was made between the plaintiff and the defendant and Gallupe representing Simpson & Co., that the $5,000 commission, when received, should be received by the defendant and was to be divided into three equal parts, of which the defendant was to retain one part, and one-third was to be paid to the plaintiff and one-third to Simpson & Co. Simpson & Co. make claim against the defendant for their one-third under the agreement. After this action was commenced the defendant sought by motion to interplead Simpson & Co., and a man by the name of Berger who had also made a claim for the share of the commissions which were to be paid to the plaintiff. The claim of Berger was afterwards withdrawn. This motion for interpleader was at first denied for failure to serve notice thereof upon Simpson & Co., with leave to renew upon showing proper service. The motion was there-

after renewed upon service made upon Gallupe as representing Simpson & Co. This service is claimed to have been a proper service upon Simpson & Co., by reason of a power of attorney given by Simpson to Gallupe to receive all papers which might be served in this action. Gallupe was not an attorney. The Special Term denied this second motion for an interpleader and the notice of appeal seeks to review this order, as well as the judgment which was afterwards entered.

The order for interpleader was properly denied. In order to interplead a third party the defendant must make personal service upon the party to be interpleaded so as to bring that party within the jurisdiction of the court. In order to bring such a party within the jurisdiction of the court such service would seem to be necessary as is prescribed for the service of a summons. A summons would be required to be served under section 426 of the Code by making personal service thereof within this State. Section 430 of the Code of Civil Procedure, however, provides for the designation of a person upon whom the summons or papers in an action may be served. But that section is limited to the right of a resident of the State to make such designation and certain formalities are required in order to make such designation effective to authorize the person designated to receive such summons or other paper for the commencement of an action. The designation must be executed and acknowledged and filed with the clerk of the county. The written consent of the person so designated must be so executed, acknowledged and filed. The power of attorney, which authorized Gallupe to receive service of any papers which might otherwise be served did not conform to the requirements of that section, and if it did so conform it would not be effectual to authorize the person designated to receive the summons or notice of motion because such designation could only be made thereunder by a resident of the State. Simpson was a resident of the State of Massachusetts. The order, therefore, denying the defendant's motion to interplead the defendant Simpson & Co. was properly made and should be affirmed.

In directing a verdict for the plaintiff the trial court was of opinion that the paper executed by the defendant constituted a contract obligation which could not be varied by

parol and that it was improper to show that the plaintiff was to receive two-thirds of this commission for himself and for Simpson & Co. In this I am of opinion that the Trial Term was in error. This arrangement between the defendant and the plaintiff was not an arrangement in which Simpson & Co., or Gallupe, representing them, concurred, so that the defendant would not be free from its obligation by paying the two-thirds of the commission over to the plaintiff. The form of instrument given contained no promise to pay, but was simply a promise to protect the plaintiff. There was some evidence given of the fact that one-third thereof was for Simpson & Co., and other evidence corroborating this was rejected by the trial court upon the ground that it tended to vary a written instrument. It has always been proper, however, to show that the purpose for which an instrument was given was not to create a liability, but that purpose of delivery might be shown to be other than the purpose stated in the paper itself. The courts have thus permitted the parties to show that the purpose of a paper in the form of a promissory note was simply as an acknowledgment of payment or receipt of moneys paid. (*Bond* v. *Vandegrift*, 128 N. Y. Supp. 1078.) And the general rule is often stated that evidence is competent going to the question whether a paper was in fact intended as a contract between the parties (*Smith* v. *Dotterweich*, 200 N. Y. 299; *Equitable Trust Co.* v. *Halpert*, 132 N. Y. Supp. 776), and the general rule is laid down in the text books that parol evidence is admissible to show that a writing offered was not executed by the parties as a memorial of a contract made, and that there never had been an integration of a contract in a writing. (1 Greenl. Ev. § 305; *Hechinger* v. *Ulacia*, 194 App. Div 330; *Title Guarantee & Trust Co.* v. *Pam*, 192 id. 268, 320.)

Confessedly the defendant was entitled to retain one-third of this $5,000. One-third of it is acknowledged by the defendant to belong to the plaintiff upon which part payment has been made and judgment offered for the balance. If the purpose of the paper was merely to acknowledge the rights of the plaintiff and Simpson & Co. in two-thirds of those commissions, it would seem, under the authorities cited, that the defendant might make proof thereof, especially as Simpson

& Co. still make claim upon the defendant for their one-third, and have never consented that the plaintiff act for them in receiving any part of their share in the commission. Even though Simpson & Co. had authorized this plaintiff to receive from the defendant the part of the commissions belonging to them, that authority might be revoked at any time before the moneys were handed over, and if so, the plaintiff would only be allowed to recover his share of the commissions, even though the defendant had executed this paper as is here claimed, for the benefit both of the plaintiff and Simpson & Co. With such authority by Simpson & Co. to revoke authority to plaintiff to receive their share of the commissions, it is not possible that defendant can still be held liable to pay to the plaintiff two-thirds with a liability remaining to pay one-third to Simpson & Co. under such revoked authority. The claim by Simpson & Co. as against this defendant for one-third of these commissions would operate as a revocation of any authority in plaintiff to collect the whole amount thereof. The proof, therefore, that his paper represented an acknowledgment of the right of the plaintiff and Simpson & Co. to two-thirds of these commissions would in no way violate the rule which forbids the introduction of parol testimony to vary a written instrument.

The order denying motion for interpleader should be affirmed, and the judgment and order denying a new trial reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING and MERRELL, JJ., concur; GREENBAUM, J., concurs in affirmance of the order denying interpleader, and dissents from the reversal of the judgment, which in his opinion should be affirmed.

Order denying motion for interpleader affirmed; judgment and order denying new trial reversed and a new trial ordered, with costs to appellant to abide event.