SAVAGE REALTY CO., INC., Respondent, *v.* BENEDICT LUST, Appellant.

First Department, October 20, 1922.

Pleadings — order striking out portion of answer on ground that it alleged parol agreement inconsistent with written contract reversed — portion of answer should not be stricken out if facts alleged may possibly be material to defense — evidence — parol evidence admissible to show conditions relative to delivery or taking effect of written contract — rule excluding parol evidence applies only when writing appears complete in itself.

A portion of an answer should not be stricken out on motion if, under any circumstances, the facts alleged therein might be material to a defense.

Accordingly, in an action on an alleged written contract for the exchange of real estate, an order striking out certain paragraphs of the answer on the ground that they allege a parol agreement inconsistent with the written contract will be reversed, where it appears that the said paragraphs sufficiently allege that the contract was tentative and that as a condition precedent to its taking effect, the defendant's wife, who was a joint owner of the property, should approve the tentative agreement and execute a formal contract, and that there was some evidence of the tentative character of the contract in the provision therein for the down payment.

First Department, October, 1922.    [Vol. 203

Parol evidence is admissible to show conditions relative to the delivery or taking effect of a written contract, as, for example, that it should become effective only upon certain conditions or contingencies; and the rule excluding parol evidence applies only when the instrument appears to be complete in itself and nothing further remains to be done to make a complete and effective instrument.

APPEAL by the defendant, Benedict Lust, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of June, 1922, directing that certain paragraphs of the amended answer herein be stricken out.

*Jacob Manheim,* for the appellant.

*Myers & Sherwin* [*David S. Myers* of counsel], for the respondent.

PAGE, J.:

The action is to recover $4,000, a part of the deposit of $5,000 agreed to be paid by appellant upon the execution of an alleged contract for the exchange of real estate. The amended answer pleads fraud as a separate defense, and also a counterclaim to recover the $1,000 paid. The portion of the answer stricken out was as follows: " 5. That in the carrying out of the said fraud, so perpetrated by plaintiff, through its said agent and president, Watson L. Savage, on defendant, plaintiff caused a paper to be prepared, which plaintiff, through its said agent and president, Walter L. Savage, falsely represented to defendant to be a preliminary or tentative agreement pending the execution of a formal contract for the exchange of the said premises owned by defendant and his wife, for the said premises owned by plaintiff, which formal contract was to be executed by defendant and his said wife, and it was then and there understood and agreed between plaintiff and defendant that such tentative agreement would be null, void and of no effect unless the wife of defendant would approve the same, which tentative agreement this defendant verily believes to be the paper referred to in the complaint and of which an alleged copy is annexed thereto." " 7. That defendant's wife never approved said tentative agreement." In a prior portion of the answer it was alleged that the defendant's wife was a joint owner with him of the premises.

The ground specified for striking out these allegations was that " The paragraphs stricken out assert a parol agreement inconsistent with the written contract; not pleaded as a condition precedent." Although the answer is somewhat inartificially drawn, the portion stricken out sufficiently alleged that as a condition precedent to its taking effect the defendant's wife, who was joint

owner of the property, should approve the tentative agreement and execute a formal contract. There is some evidence of the tentative character of this contract, or that it was not fully executed by the signature of the defendant alone, in the provision for the down payment, namely, " Five thousand ($5,000) dollars in cash upon the execution of this contract, the receipt of One thousand ($1,000) dollars whereof is hereby acknowledged."

This would seem to indicate that there was to be a time in the future when the contract was to be executed and the remaining $4,000 paid.

It is now well settled that parol evidence is admissible to show conditions relative to the delivery or taking effect of a written contract, as that it shall only become effective upon certain conditions or contingencies, for this is not an oral contradiction or variation of the written instrument, but goes to the very existence of the contract and tends to show that no valid and effective contract ever existed. (*Hechinger* v. *Ulacia*, 194 App. Div. 330, 333; *Grannis* v. *Stevens*, 216 N. Y. 583; *Smith* v. *Dotterweich*, 200 id. 299.) An exception to the rule is found in the case of deeds and other instruments affecting real estate. (*Stiebel* v. *Grosberg*, 137 App. Div. 275, 276; *Blewitt* v. *Boorum*, 142 N. Y. 357, 363.) It has, however, been held that there are limitations to this exception. The Court of Appeals held in *Brackett* v. *Barney* (28 N. Y. 333) that it could be shown that a mortgage was executed and delivered by a husband and that it was agreed that the wife of the mortgagor should thereafter execute the mortgage and together with her husband acknowledge its execution. The wife not having signed the mortgage, it was held not to be in effect. Stress was laid on the fact that without the signature and acknowledgment of the wife, the mortgage would be an imperfect security, and that an implication that the delivery was not intended to be absolute would follow from this circumstance. If that is true where the wife's interest is an inchoate right of dower, how much stronger would it be in this case, where it is alleged she was a joint owner of the property. Without going further in the discussion of these cases, it is sufficient to say that the rule excluding parol evidence applies only when the instrument appears to be complete in itself, and nothing further remains to be done to make a complete and effective instrument. If it appears from the instrument that some act is still to be performed to make it a binding contract effective to accomplish the purpose intended, its delivery will be presumed to be conditional upon the performance of that act, and the instrument will not be a valid and binding agreement until that act has been performed. Where it is evident from the instrument

that some further act is to be performed, the nature of which is not disclosed, parol evidence is admissible to show what that act was.

On a motion to strike out a portion of an answer, if under any circumstances the facts alleged might be material to a defense, they should not be stricken out. It should be left to the court at the trial to admit or reject the evidence in the light of the other evidence produced.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.