BEN H. FELDMAN, Respondent, v. LIDO POINT, INC., et al, Defendants, and SALMAR CONSTRUCTION COMPANY, INC., Appellant.— In an action to foreclose a building loan mortgage upon real estate, order granting respondent's motion for summary judgment and denying a cross motion of appellant mechanic's lienor for judgment pursuant to rule 112 of the Rules of Civil Practice, and section 476 of the Civil Practice Act, affirmed, with $10 costs and disbursements. No opinion. Carswell, Acting P.J., Johnston, Adel, Sneed and Wenzel, JJ., concur.

JEROME FRANKLIN, Appellant, v. HUSSMAN REFRIGERATION INC., Respondent.— Order denying plaintiff's motion to strike out as insufficient and as sham the affirmative defense contained in defendant's answer, reversed on the law, with $10 costs and disbursements, and the motion granted, with $10 costs. Plaintiff seeks to recover for damages to his real property, allegedly caused by defendant's negligence. In addition to a general denial, defendant alleges as an affirmative defense that, prior to the commencement of this action, plaintiff received from his insurance company payment of the loss and, by virtue of such payment, the insurer was subrogated in whole or in part to plaintiff's right, title and interest in the cause of action alleged in the complaint. On this motion to strike out the defense as insufficient in law and as sham, it appears that the transaction between the insurance company and plaintiff was in the form of a loan of $3,340, pursuant to a loan receipt, although the damages claimed were $4,343.55. Even if the insurance policy contained only a provision for payment of the loss and subrogation and assignment, the nature of the transaction is dependent solely on the terms and provisions of the loan receipt which evidenced the agreement between the parties. Under that agreement there was merely a loan and not a payment, with the result that there was no subrogation or assignment. (*Balish* v. *Advance Fuel Oil Corp.*, 266 App. Div. 683.) Neither *Cocoa Trading Corp.* v. *Bayway Terminal Corp.* (290 N. Y. 697, opinion denying motion for reargument 290 N. Y. 865), nor *Sosnow, Kranz & Simcoe, Inc.*, v. *Storatti Corp.* (269 App. Div. 122, affd. 295 N. Y. 675), requires a different determination. In the former case, by reason of the express allegations of the affirmative defense and defendant's affidavits, it did not conclusively appear that plaintiff's cause of action had not been assigned to the insurer in addition to, and without relation to, the loan receipt. In the case at bar defendant does not plead assignment in addition to the loan receipt. In the latter case the insurance policy gave the insurer an option either to pay the loss or make a loan in that amount. The evidence conclusively showed that there was merely a loan and not a payment. Nolan, P.J., Carswell, Johnston, Adel and Sneed, JJ., concur.

HARRY GEYER, Respondent, v. NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, CONN., Appellant.—In an action to recover damages for loss by fire, under the terms of a fire insurance policy issued by appellant, order of the Appellate Term affirming a judgment of the City Court of the City of New York, County of Kings, in favor of respondent and against appellant, unanimously affirmed, with costs. Appeal from judgment of affirmance of the City Court of the City of New York, County of Kings, dismissed, with costs. No opinion. Present — Nolan, P. J., Carswell, Adel, Sneed and Wenzel, JJ. [See *post*, p. 1057.]