M. S. NELKIN, Plaintiff, *v.* JULIAN FARBER et al., Individually and as Copartners Doing Business as FARBER & NEWMAN, Defendants.

Supreme Court, Special Term, Kings County, October 10, 1949.

*Nathan, Mannheimer, Asche & Winer* for plaintiff.
*Samuel Shapiro* for defendants.

HEARN, J. This is a motion for summary judgment. The action is brought to recover the agreed value of certain jewelry which plaintiff entrusted to defendants on a memorandum which reads in part as follows:

> " MEMORANDUM  No. 67388
> Aug. 27, 1948
> To FARBER & NEWMAN
> 7 W. 45th St.
> Lu–2–4139
>
> The said property is received for inspection only with the understanding that title is to remain in M. S. NELKIN, and that the undersigned will return the said property on or before ten days from date, and in the event said property is damaged, lost, stolen or destroyed, the undersigned will be responsible therefor, whether caused by the undersigned or by another over whom the undersigned has no control and whether negligent or not; and in any such event, the undersigned will pay the said stated value thereof to the said M. S. NELKIN, on or before the expiration of the said return date. The agreed value is as described below in dollars:

| Earrgs. | R 154 | 2050. |
|---------|-------|-------|
| "       | R 463 | 2600. |

> (sgd)  J. Farber".

Although the answer denies the material allegations of the complaint, defendants admit that they received the jewelry in question and that the same was lost by them. Defendants raise several affirmative defenses, however, but in my opinion these defenses do not raise any triable issues of fact. The first, second and third defenses allege in effect that the jewelry was delivered to defendants upon an understanding that defendants were to exhibit same to the proposed purchaser and that defendants did not assume any further responsibility incident thereto; that they affixed their signatures to the memorandum upon an understanding that the memorandum was not to be effective unless the property covered thereby was not covered by insurance, and further that the above memorandum was not the entire agreement between the parties. Defendants assert that there exist certain customs and usages in the jewelry trade which support the foregoing defenses.

Since the terms of the agreement, as contained in the memorandum quoted above, are plain and unambiguous, proof of the customs or usages and the conversations as to a condition precedent which would contradict or vary the terms of the above agreement would be inadmissible upon a trial. (*Green* v. *Wachs,* 254 N. Y. 437; *Matter of Western Union Tel. Co.* [*Amer. Communications Assn.*], 299 N. Y. 177, 184–185; *Davidson* v. *Tuthill,* N. Y. L. J., Jan. 14, 1948, p. 163, col. 2, BOTEIN, J.)

The defense that plaintiff is not the real party in interest is also insufficient. It appears in the papers that plaintiff has not been paid the full amount of his claim and that he did not transfer same to the insurer upon receiving a partial payment but only executed a loan receipt. Under such circumstances, defendants may not assert that plaintiff is not the real party in interest (*Par-X Uniform Serv. Corp.* v. *Emigrant Ind. Sav. Bank,* 268 App. Div. 699; *Franklin* v. *Hussman Refrigeration, Inc.,* 274 App. Div. 937).

Plaintiff's motion for summary judgment is granted. Submit order.