**William A. TINNEY, Jr., Appellant,**

v.

**William DUCKETT and Mabel Duckett, Appellees.**

**No. 2157.**

Municipal Court of Appeals for the District of Columbia.

Argued March 31, 1958.

Decided May 5, 1958.

Rex K. Nelson, Washington, D. C., with whom Eugene X. Murphy, Washington, D. C., was on the brief, for appellant.

Herman Miller, Washington, D. C., for appellees.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b)

CAYTON, Acting Judge.

In 1952 Mr. Tinney, an attorney, filed this action against William Duckett and his wife on a promissory note. The note was payable to Luther Williams whom the complaint described as "assignor of the plaintiff." Among the defenses asserted in the answer was that the note was without consideration; that plaintiff was not a holder in due course; that payee Williams had refused to properly perform remodeling work he had contracted to do on defendants' property; and that by reason of such breach defendants were not obligated on the note. On defendants' motion Luther Williams was made a third party defendant. He was not served with process and plaintiff permitted the case to lie dormant for five years.

In January 1957 the payee, Luther Williams, repossessed himself of the note and through a different attorney filed a new suit thereon in his own name against the Ducketts. After a trial on the merits the trial court ruled in favor of defendants. The decision was based on findings that the note had been endorsed to Tinney for collection; that thereafter Williams took the note back from Tinney; and that plaintiff's action was barred by limitations because filed more than three years after maturity of the note. Williams' attorney did not appeal that decision; instead, a few days later he came into this older pending suit as attorney for Luther Williams, third party defendant, and later as attorney for plaintiff Tinney. Thus it was

that five years· after its commencement this suit was brought on for trial.[1]

At the trial defendants Duckett relied on their original defenses and also on the additional defense that the claim had been rendered *res judicata* by the earlier decision in the Williams v. Duckett case. At the conclusion of the evidence the trial court found: "1. The promissory note had been endorsed for collection only. 2. The plaintiff was not a holder in due course. 3. Luther Williams cancelled plaintiff's authority to collect the note. 4. The note reverted back to Luther Williams. 5. Plaintiff was not the proper party in interest to sustain the cause of action." The judgment which followed has been brought here for review.

■ The basic and decisive question is whether Luther Williams, the named payee, had revoked the earlier authority he had given Tinney to collect on the note. Unless that question was decided incorrectly, none of the other questions in the case need be considered.

Mr. Tinney testified that the note had been endorsed to him for collection and that out of the proceeds he was to be paid a collection fee and also fees for other earlier services. He did not contend that his right to sue on the note was irrevocable. Williams testified that, having heard nothing from Tinney for "a year or two" after turning the note over to him, he went to Tinney's office, asked to see the note, and obtained it from Tinney's associate whom he told "that he was taking it to someone else." To this there was no objection and he "just walked out of the office with the note." Then, as we have said, Williams employed another lawyer who filed a new suit in his name against the Ducketts, which was decided against him.

■■ On that evidence alone the trial judge would have been justified in finding

that Williams' conduct amounted to a cancellation of Tinney's authority to sue on the note. Long ago the Supreme Court announced the general proposition that one who deposits property with an agent may revoke the agency and withdraw the property at his pleasure. Curran v. State of Arkansas, 15 How. 304, 56 U.S. 304, 14 L.Ed. 705. To constitute a revocation no particular act is required; it is only necessary that it be made clear that the principal has withdrawn from the agent his authority to act for him. Curtiss Candy Co. v. Silberman, 6 Cir., 45 F.2d 451. See, also, Shawver v. Ewing, 8 Cir., 1 F.2d 423, certiorari denied Ewing v. Shauver, 267 U.S. 601, 45 S.Ct. 462, 69 L.Ed. 808; Restatement, Agency § 119, comment a (1933).

■ It has also been held that the institution of suit by a principal, inconsistent with authority given an agent, may operate as a revocation of the agency. Thompson v. Thompson, 190 Ga. 264, 9 S.E.2d 80; Smith v. Brasseale, 213 Ala. 387, 105 So. 199; Rosenthal v. United Transp. Co., 196 App.Div. 540, 188 N.Y.S. 154, affirmed App.Div., 196 N.Y.S. 949.

In this case the finding as to revocation of authority was supported, in part at least, by plaintiff himself. He did say that he did not personally return the note to the client or give him permission to remove it from the office. But he admitted that he knew Williams had filed suit on the note and that he did nothing about it; also he testified that he did not demand that Williams return the note to him, "because he was perfectly willing to forget about the whole business." He added, "So far as he was concerned, it was all right for Luther Williams to have the note, and he didn't care to have anything more to do with it. He was willing to write off any money due for past services rendered."

The payee Williams testified that the note was not his but belonged to Mr. Tin-

---

1. On October 7, 1957 the trial court denied a defense motion to dismiss for failure of diligent prosecution.

ney and that though he had filed suit on the note in his own name as payee, he had not claimed that the note belonged to him. The trial judge was not required to give credence to that repudiation, in view of what was revealed in the records in the two cases.

It must be remembered that this was not a contest between attorney and client as to who had the right to sue on the instrument; it did not involve an asser-tion of an attorney's lien by Tinney. (As we have just said, Tinney in open court re-linquished any claim of lien.) The question here was whether Tinney had been divested of his status as assignee or agent. This resolved itself into a question of fact. See McDonald v. Stone, D.C.Mun.App., 86 A.2d 624. The evidence fully warranted a decision adverse to plaintiff.

Affirmed.