Matthew M. Levy, J.
Involved here is a transaction, common in the jewelry trade, by which the plaintiff delivered to the defendant, a broker, certain diamonds on memorandum. They were either lost or stolen while in the defendant’s possession. The plaintiff seeks to recover the sum of $34,798.50, as the agreed value of the merchandise. In the first cause of action, the plaintiff sues upon a common-law bailment, and, in a second cause of action, the plaintiff sues on the written memorandum.
The plaintiff moves, in pursuance of rule 113 of the Rules of Civil Practice, for summary judgment on the second count. In its moving papers, the plaintiff seems to me to go somewhat beyond the scope of its cause of action as pleaded, and in respect of which the defendant, in his answering affidavit, has interposed denials. But, as I see it, no triable issue is raised as to these matters when we consider that this cause is basically grounded upon a document signed by the defendant, which reads as follows:
MEMORANDUM
JUDSON 6-1360-1 New York 2/18 1968
YERSTANDIG & SONS, INC. M L. Sobel DIAMONDS
20 WEST 47TH STREET NEW YORK 36, N. Y.
The merchandise described herein is delivered to you on MEMORANDUM only, at your risk of loss, or damage from all hazards, whether by theft, robbery, fire or otherwise.
Title to said merchandise is and shall remain in YERSTANDIG & SONS, INC. and is held by the undersigned subject to our order, the delivery thereof being for the purpose of inspection only, and is to be returned to us on demand. It is understood and agreed by the undersigned that nothing contained in this memorandum shall be construed to be, nor has there otherwise been an extension of credit to the undersigned. The undersigned has no right to transfer the said merchandise to any other person, firm or corporation, whether on memorandum or otherwise, without the WRITTEN permission of YERSTANDIG & SONS, INC. A sale of this merchandise can only be effected and title will pass only if, *651 as, and when VERSTANDIG & SONS, INC. the said owner, shall agree to such sale and a bill of sale rendered therefor. All the above is binding upon us, regardless of prior transactions.
14 10545
a $ 330
[Signed] L. Sobel
The defendant contends that the memorandum was not the actual agreement between the parties but was a receipt only to evidence the fact that the plaintiff had delivered the merchandise to the defendant. The defendant urges that it was at all times understood that he was acting as the plaintiff’s agent to endeavor to make sales of the diamonds on the plaintiff’s behalf, and that it was agreed that the defendant would not be responsible in case the merchandise were stolen. This, the defendant states, will be proved by way of prior dealings between the parties, the custom in the trade and the contemporaneous oral agreement as to this particular transaction. The plaintiff denies the claimed agreement in any aspect (except as indicated in the writing) and interposes the parol evidence rule as a bar to the introduction of any evidence which would vary or contradict the written terms of the agreement.
The defendant asserts that since the diamonds were not delivered to him for the purpose of “ inspection ” as set forth in the memorandum, the paper obviously did not express the agreement of the parties. While the true nature of this, and perhaps one other aspect of the agreement (to be referred to hereinafter), may be difficult to ascertain from the memorandum itself, it is, in my view, a sufficiently integrated contract in respect of the critical point here at issue. The operative clause is that the diamonds are “ delivered to you [the defendant] on memobahdttm only, at your [the defendant’s] risk of loss, or damage from all hazards, whether by theft, robbery, fire or otherwise * * * and is to be returned to us [the plaintiff] on demand”. In plain words and in simple language, the defendant has specifically agreed to be absolutely liable for any loss of or damage to the diamonds, irrespective of cause — thus making himself an insurer. The undertaking as to this aspect of the contract is clear and unequivocal.
‘ ‘ Deeply imbedded in the judicial decisions of every common-law jurisdiction is the rule that the terms of a written agreement cannot be varied by parol ” (Hutchison v. Ross, 262 N. Y. 381, 398; General Phoenix Corp. v. Cabot, 300 N. Y. 87, 92; Rus *652 sell v. Marboro Books, 18 Misc 2d 166, 175-176). And the rule is applied upon a motion for summary judgment as upon a trial (Fadex Foreign Trading Corp. v. Crown Steel Corp., 272 App. Div. 273, affd. 297 N. Y. 903). If the intention of the parties can be gathered from the writing itself, parol evidence is inadmissible to aid in the interpretation of or to vary an agreement complete on its face. No trial is necessary, in such a case, to determine the legal effect of the contract (Bethlehem Steel Co. v. Turner Constr. Co., 2 N Y 2d 456, 460). And the parol evidence'rule is applicable to partially integrated contracts as well as wholly integrated ones (3 Williston, Contracts [rev. ed.], § 636, pp. 1830-1832). That is to say, that parol evidence would be admissible to resolve some ambiguity or to complete the agreement as made but not to vary the terms of the integrated part (Laskey v. Rubel Corp., 303 N. Y. 69, 71-72).
If the memorandum here were, as asserted by the defendant, merely a simple receipt, the parol evidence rule would not apply, f<?r such a writing “ is not intended to be an exclusive memorial, and the facts may be shown irrespective of the terms of the receipt” (9 Wigmore, Evidence [3d ed.], § 2432, pp. 104-105). But, “ [w]here a contract is embodied in the receipt, then, so far as the receipt contains a contract, it cannot be controverted or explained by parol ” (Ryan v. Ward, 48 N. Y. 204, 208; Komp v. Raymond, 175 N. Y. 102, 109-110). That the memorandum here is more than a bare receipt is obvious from mere examination. And that such a memorandum is a contract not to be varied by parol has been held on the highest authority (Green v. Wachs, 254 N. Y. 437, 441; Davidson v. Tuthill, N. Y. L. J., Jan. 14, 1948, p. 163, col. 2, Botein, J.; see, also, Nelkin v. Farber, 196 Misc. 545).
I mentioned earlier that there was an element in this memorandum the true nature of which needed clarification. That has to do with the matter of value, or price of the diamonds delivered. In its written portion, the merchandise was described as
“ 14 10545 a $330.”
There is no dispute that this means that the defendant received 14 uncut stones weighing 105.45 carats and that “a $330.” refers to the amount in dollars per carat. It is this sum, mathematically totaling $34,798.50, which the plaintiff seeks to recover. But there is an issue here an the basis of this submission, for the written memorandum is ambiguous as to whether the price as stated is the agreed-upon value of the diamonds or the sales price if the defendant purchased for himself or the price which the defendant is supposed to endeavor to obtain from Ms customer.
*653 It might have been urged (no brief was submitted by the defendant) that this is a basic issue which requires denial of the motion for summary judgment since the issue involves the meaning of the contract between the parties. I should agree, upon such submission, that the memorandum figures need explanation, but I am nevertheless of the opinion that, in view of the fundamental purpose of subdivision 3 of rule 113, sum' mary judgment is not barred. That section provides that the “ existence of a triable issue of fact as to the amount or the extent of the damages shall not bar the granting of summary judgment. If only such a triable issue of fact is presented the court shall order an immediate hearing before a Referee, before the court, or before the court and a jury, whichever may be proper, to assess the amount or the extent of the damages ’ It is my view that, in the instant case, the amount of the plaintiff’s damages only is left for determination. True, the meaning and effect of the price stated in the memorandum remain to be resolved, but that question is concerned solely with the amount of the plaintiff’s recovery. Subdivision 3 envisages an adversary proceeding, and relevant and competent data as to damages may be presented upon the trial of that issue.
The plaintiff’s motion for summary judgment is granted and an assessment of damages is directed.