Jacob S. Hartog et al., as Copartners Doing Business under the Name of F. Staal and Co., Respondents, *v.* Aileen Mehle, Appellant.

First Department, November 2, 1961.

*Samuel Becker* for appellant.

*James M. Hughes* of counsel (*Bigham, Englar, Jones & Houston,* attorneys), for respondents.

STEUER, J. Plaintiffs are retail jewelers. On November 20, 1959, they delivered four pieces of jewelry to defendant, a society editor of a newspaper. Simultaneously, defendant signed a document providing as follows: "These goods are sent for your inspection at your risk and remain the property of F. Staal and Co. and are to be returned on demand. No sale is to take

effect without our approval first obtained; and we will not sell or render a bill of sale of said goods except upon receiving payment in the amount fixed below. Under the decision of the highest court of the State of New York, the Court of Appeals, in Green v. Wachs, 254 N. Y. 437, no title to the merchandise covered by this memorandum passes to anyone until and unless F. Staal and Co. has been paid the full amount stipulated in this memorandum, and has rendered a bill of sale of the goods.''

Three of the pieces of jewelry were returned. The fourth, a bracelet claimed to be of the value of $6,600, was not. Plaintiffs sue for this amount. The complaint has two causes of action. The first is based on common-law negligence, alleging that defendant lost the bracelet due to her lack of care. The second cause of action pleads the memorandum above set out and sues for its breach. Plaintiffs moved for summary judgment. The motion was granted to the extent of resolving the issues in favor of the plaintiffs and ordering an assessment to determine the value of the bracelet.

As to the first cause of action, defendant's affidavit shows that she wore the bracelet to a function at the Waldorf-Astoria Hotel and found that it was missing on her return to her apartment. She is unable to say how it disappeared from her possession. She does allege that she put it on carefully and securely, and at times throughout the evening she inspected it and saw that it was secure on her arm. Whether such conduct amounts to due care, it would be for a jury to decide in the light of the circumstances.

The second cause of action presents more serious questions. In that connection, defendant has set out that she was not a prospective buyer of the jewelry, either to retain for herself or for the purposes of resale. She says that on several prior occasions she had received pieces of jewelry from the plaintiffs to wear to social affairs with the understanding that if the occasion arose she would point out that the piece was from the plaintiffs. The loans were for the double purpose of her adornment and of advertising plaintiffs' merchandise. On each prior occasion she signed a memorandum similar to the one in suit here. We are in accord that the purport of the words of the memorandum is to make defendant assume all risks in regard to the jewelry, without regard to fault on her part. If the memorandum constituted a contract between the parties, it might well be that the parol evidence rule would preclude any evidence that was in derogation of its terms and, as a consequence, plaintiffs' right to recover would be absolute.

The document in question is designed to serve two purposes. It serves as a receipt, evidencing by the recipient's signature that she received the merchandise in question. It also sets out the conditions under which the recipient may dispose of the said merchandise. In the latter connection, its terms are contractual, providing for the owner to recognize a sale under those conditions and forbidding the recipient or bailee to dispose of the goods on any terms except those set out in the document. As such, it is a contract, and its terms may not be contradicted by parol (*Green* v. *Wachs,* 254 N. Y. 437).

A mere receipt is always subject to explanation by parol (*Klein* v. *Metropolitan Life Ins. Co.,* 255 App. Div. 335; *Schwartz* v. *State Bank,* 135 App. Div. 42). So that if the document was used merely to evidence that defendant had received certain pieces of jewelry from the plaintiffs, the terms would be subject to parol explanation. It is competent to show that the writing was not intended by the parties to be a contract (*Bernstein* v. *Kritzer,* 253 N. Y. 410; *Morgenstern* v. *Diamond,* 220 App. Div. 191; *Hechinger* v. *Ulacia,* 194 App. Div. 330). The reasoning that supports the exception is that such evidence does not vary the terms of the writing but actually destroys it, and the competency of such an attack on the instrument has been established for nearly a century (*Grierson* v. *Mason,* 60 N. Y. 394). The evidence "is received from the necessity of the case to show that that which appears to be, is not and never was a contract." (*Thomas* v. *Scutt,* 127 N. Y. 133, 138.)

There remains for consideration just what may be explained by parol deeming the instrument a receipt. Certainly defendant could not deny having received the goods, nor does she attempt to. But it would certainly be competent to establish the fact that the goods were not received for her inspection as expressly recited, nor for sales purposes as implied by the balance of the terms. The risk provided for in the agreement is coupled with the receipt of the goods for inspection. As the fact of receipt for inspection may be contradicted by parol, so also may be the terms as regards risk, which risk applies to receipt for inspection. The actual risk assumed by agreement among the parties may be established. The defendant's claim that she refused to wear any merchandise that was not insured could well raise the inference that during her possession of the respective pieces of jewelry she would be entitled to the benefit of any insurance that the plaintiffs had on them. Defendant's affidavits being quite sufficient to raise issues on the foregoing points, summary judgment should not have been granted.

The order should be reversed, on the law, with costs to appellant, and the motion for summary judgment denied.

McNALLY, J. (concurring). I concur in the result. The question presented is whether the memorandum relied on by plaintiffs serves to enlarge the defendant's common-law liability as bailee to that of surety. Contemporaneous circumstances and conversations may tend to establish that the exercise of reasonable care on the part of the defendant precludes recovery on the memorandum. I am of the opinion that considering the memorandum as a whole the phrase " at your risk " is ambiguous. Evidence of the circumstances surrounding the execution of the memorandum is admissible to resolve the ambiguity. (*Concoff* v. *Occidental Life Ins. Co.*, 4 N Y 2d 630, 637.)

The authorities relied on by the plaintiffs are distinguishable.

In *Zaidens* v. *Salter* (142 Misc. 439) the jewelry was delivered against a memorandum providing " at your risk, reasonable wear and tear only excepted ". The exception, not present in the case at bar, served to enlarge the bailee's liability. Moreover, the case was decided on submitted facts and the court there observed (p. 441) : " No request is made therein for permission to offer testimony to show that by a custom of the trade the words in the contract ' at your risk ' should be construed to exclude liability for the theft of the merchandise through no fault of the defendant."

In *Agricultural Ins. Co.* v. *A. Rothblum, Inc.* (147 Misc. 865) the defendant offered no proof and the litigated issue related to the extent of the plaintiff's right of subrogation.

In *Nelkin* v. *Farber* (196 Misc. 545, 546) the memorandum provided " in the event said property is damaged, lost, stolen or destroyed, the undersigned will be responsible therefor, whether caused by the undersigned or by another over whom the undersigned has no control and whether negligent or not ". The court there properly held the writing to be plain and unambiguous.

In *Allemania Fire Ins. Co.* v. *Keller Diamond Corp.* (101 N. Y. S. 2d 9, revd. on other grounds 278 App. Div. 899) defendant assumed " risk from all hazards "; and in *Winfred Jewelry* v. *Spivack* (12 Misc 2d 74) defendant assumed " risk of all hazards ".

In *Verstandig & Sons, Inc.* v. *Sobel* (26 Misc 2d 649) the memorandum provided " at your risk of loss, or damage from all hazards, whether by theft, robbery, fire or otherwise ".

None of the cited cases involved a memorandum illumined by contemporaneous circumstances and conversations relative to its meaning and scope such as here.

Rabin, J. P., and Valente, J., concur with Steuer, J.; McNally, J., concurs in result in opinion, in which Eager, J., concurs.

Order, entered on June 9, 1961, granting plaintiffs' motion for summary judgment, unanimously reversed, on the law, with $20 costs and disbursements to the appellant, and the motion for summary judgment denied, with $10 costs.