Howard T. Hogan, J.
Defendants move to set aside the service of a summons and to vacate a judgment thereafter entered upon their default. It appears that they entered into a lease with the plaintiff which contained a provision that one Florence Weinberg was designated as defendant’s agent for *129 the purpose of accepting service of process, that service of a summons and complaint in an action for rent and to replevy equipment was made upon her as their agent only after several attempts to serve them in person, and that an inquest was taken and judgment entered upon such service.
Defendants neglect to state that they have a good defense to the action, basing this motion solely upon the allegation that neither was aware that Florence Weinberg had been designated by them as such agent in the lease which they do not deny executing. Plaintiffs, on the other hand, show by the uncontroverted affidavits of a Deputy Sheriff of Kings County, and others, that defendants actively evaded service of the summons and complaint before it was left with the aforesaid agent and further, that she made diligent but unsuccessful efforts to deliver it to them.
Upon such proof, the motion is denied.
(On reargument, May 2, 1957.)
Motion for leave to reargue granted, and upon reargument the court adheres to its original decision.
On December 29, 1955 defendant voluntarily signed and acknowledged a lease, wherein he expressly designated one Florence Weinberg as his agent “ for the purpose of accepting service of any process within the State of New York.” The addresses of both the agent and the defendant were set forth in that instrument. It does not appear whether such lease was filed with the clerk of the county in which the defendant resided. He now apparently contends that such failure to file renders the declaration ineffectual, under section 227 of the Civil Practice Act.
Plaintiff has not indicated that he is relying on the aforesaid section. In the first place, its stated purpose is to permit a designation by a resident, effective during his absence from the State of New York. No such intent appears in this defendants’ designation. The statute then states that the designator ‘ ‘ may file the same, with the written consent of the person so designated, * * * in the office of the clerk of the county where the person making the designation resides.”
Obviously, it was not this plaintiff’s intent, when it made the designation of an agent a condition of entering into the lease, to rely upon the defendant to file it in order that it become effective. It seems apparent that the purpose of the clause was to meet precisely the situation which has now developed.
Even upon this reargument, defendant has failed to submit *130 Ms affidavit denying the allegations of a deputy sheriff that defendant made and broke several appointments to accept service, or denying receipt of a letter from the agent in wMch she informed him that she had been served and requested him to pick up the summons and complaint.