**KENNY CONSTRUCTION COMPANY, Inc., Appellant,**

v.

**Herschel H. ALLEN et al., t/a J. E. Greiner Company, Appellees.**

**No. 13791.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 4, 1957.

Decided Oct. 17, 1957.

Mr. Justin L. Edgerton, Washington, D. C., with whom Messrs. John Wattawa, Charles E. Pledger, Jr., Randolph C. Richardson and John F. Mahoney, Jr., Washington, D. C., were on the brief, for appellant.

Mr. Alexander M. Heron, Washington, D. C., with whom Mr. H. Mason Welch, Washington, D. C., was on the brief, for appellees. Messrs. J. Harry Welch and J. Joseph Barse, Washington, D. C., also entered appearances for appellees.

Before PRETTYMAN, WILBUR K. MILLER, and FAHY, Circuit Judges.

PER CURIAM.

■ The District of Columbia, a municipal corporation, undertook the construction of certain public works. It engaged as consulting engineers Allen, Jenkins, Allen, et al., a partnership of six members trading as J. E. Greiner Company and resident in Baltimore. Kenny Construction Company, Inc., was awarded the contract of construction. Next door to the contemplated site was Greenway, Inc., a rental housing development. As the excavation proceeded, the surrounding earth settled, and Greenway claimed it was damaged. It sued Kenny and the District of Columbia. Kenny sought to implead Allen, Jenkins, Allen, et al., the designers of the plans for the work. Its problem was to get effective service on the Baltimore partnership or the partners. Among other efforts to that end it served process on the Clerk of the Municipal Court for the District of Columbia as agent of the partners. The contract between Allen, Jenkins, Allen, et al., and the District of Columbia contained a clause which read:

"Article 8. Appointment of Attorney:

"a. Each of the partners constituting Consultant does hereby irrevocably designate and appoint the Clerk of the Municipal Court for the District of Columbia and his successors in office as the true and lawful attorney for each and all of the said partners for the purpose of receiving service of all notices and processes issued by any court in the District of Columbia, as well as service of all pleadings and other papers, in relating [sic] to any action or legal proceedings arising out of or pertaining to this contract or the work required or performed hereunder."

This language made the Clerk of the Municipal Court the agent of each of the partners in Allen, Jenkins, Allen, et al., for service of process in "any" lawsuit

"pertaining to" the work under this contract. The case at bar certainly pertained to the work under the contract. So, according to the language of the quoted clause, the service was good.

 Allen, Jenkins, Allen, et al., say, however, the quoted clause was included in the contract at the instance of the District of Columbia and for the purpose of protecting the District and nobody else. But, in the first place, no limitation or negative expression appears in the contract. In the second place, nothing appears to indicate what Allen, Jenkins, Allen, et al., had in mind in providing for designation of an agent, and they, not the District, were the appointers of the agent. What the District may have had in mind is immaterial. In the third place, it would have been simple and easy for Allen, Jenkins, Allen, et al., to have said in the contract that the agent was appointed only for purposes of actions brought by the District. The two immediately preceding clauses in the contract, relating to insurance and indemnification, contained such limiting language. Counsel for the partners urge us to read Article 8 as merely implementing the preceding Articles 6 and 7 and as limited to their scope. We find no basis for doing so; on the contrary the omission of limiting language from Article 8, after its inclusion in Articles 6 and 7, seems to us noteworthy as indicating a variation in purpose. In the fourth place, we do not reach intention as a means of interpretation unless the words are unclear or both parties assert a positive intent contrary to the words and nobody else is adversely affected by the strange meaning. Neither of these conditions obtains here. In the fifth place, it is not a necessary inference that in proposing the appointment of agents by all contractors the District was motivated solely by its own corporate municipal interests. It is just as reasonable to infer that District officials had in mind the desirability of protection for all persons in the District liable to injury from the contract.

We think the service on the Clerk of the Municipal Court for the District of Columbia was good. The order of the District Court quashing that service is vacated, and the case is remanded.