**W. Emory TARBOX**

v.

**Worth Clinton WALTERS.**

**Civ. A. No. 28681.**

United States District Court
E. D. Pennsylvania.
April 3, 1961.

Caine & Di Pasqua, Melvin E. Caine, Media, Pa., for plaintiff.

Hodge, Hodge & Cramp, George J. McConchie, Media, Pa., for defendant.

KRAFT, District Judge.

This case is before us on defendant's motion to dismiss, or, in the alternative, to quash the return of service of summons.

Service was attempted to be made upon defendant by leaving a copy of the summons and complaint with R. LaMonte, President of Coast to Coast Hit Record Company, 5541 Baltimore Avenue, Philadelphia, Pa., by whom defendant was employed.

Plaintiff relies upon F.R.Civ.P. 4(d)(7), 28 U.S.C., which provides, inter alia, " * * * it is also sufficient if the summons and complaint are served * * * in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state."

Pennsylvania Rule of Civil Procedure 1009(b) (2) (iii) 12 P.S.Appendix provides: "When the defendant is an individual, the writ of summons, or the complaint if the action is commenced by complaint, may be served * * * (2) by handing a copy * * * (iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof."

The depositions establish that defendant is one of three salesmen in the employ of Mr. LaMonte, who trades under the fictitious name of "Coast to Coast Hit Record Company". Defendant is a salesman to whom his employer has assigned an exclusive territory in the south comprising eight states in which defendant has almost complete freedom of action in calling upon customers and servicing accounts. He is on the road "four to five months" at a time, and comes to his employer's office in Philadelphia two or three times a year "at the most". He transmits daily reports to his employer, and his employer forwards a check weekly, covering expenses and drawing account to an address designated by defendant.

While we have found no Pennsylvania case precisely in point, and have been referred to none, it seems evident that defendant's area of operations constitutes his "usual place of business," within the meaning of the Rule. Similarly, if defendant has a headquarters in his territory—as to which the testimony is silent—that would constitute his "office".

The basic purpose of the Rules as to service is to assure that the defendant will actually get knowledge of the commencement of the action against him and of his duty to defend. Branch v. Foort, 397 Pa. 99, 101, 152 A.2d 703. Clearly, that objective would not be realized, having in mind defendant's working arrangement, by a holding that this defendant's office or usual place of business is that of his employer.

Order.

Now, April 3, 1961, it is ordered and decreed that defendant's motion to quash the return of service of summons be, and it is, granted, and said return is quashed.