NATIONAL EQUIPMENT RENTAL,
LTD., Plaintiff,

v.

Steve SZUKHENT and Robert Szukhent,
Defendants.

Civ. A. No. 62 C 66.

United States District Court
E. D. New York.
March 19, 1962.

Harry R. Schwartz, Brooklyn, N. Y., for defendants, in support of motion.

Wilbur G. Silverman, Jamaica, N. Y., for plaintiff, opposed.

DOOLING, District Judge.

Defendants, residents of Michigan, move to quash the service of summons on them.

Defendants obtained farm equipment from plaintiff under an instrument, denominated a lease, which defendants signed and acknowledged in May 1961 and which plaintiff signed in July 1961. The last operative clause of the instrument provides:

"* * *; and the Lessee [i. e., defendants] hereby designates Florence Weinberg, 4721 Forty-first Street, Long Island City, N. Y., as agent for the purpose of accepting service of any process within the State of New York."

Plaintiff commenced this action on January 23, 1962, alleging a total default under the lease commencing June 20, 1961 and demanding all the payments due under the lease. The complaint alleged in a clear and separate paragraph that defendants had designated Florence Weinberg as an agent for the purpose of accepting service of process within the State of New York. The marshal delivered two copies of the summons and complaint to Florence Weinberg on January 24, 1962 and on that same day she mailed the summons and complaint to defendants stating that they had been served upon her as the defendants' agent for the purpose of accepting process within the State of New York in accordance with defendants' contract with

plaintiff. On January 24, 1962 plaintiff itself notified defendants by certified mail of the service of process on Florence Weinberg, the agent designated by them.

On February 15, 1962 (twenty-two days after the service of process on Florence Weinberg) counsel for defendants mailed to plaintiff's attorney a notice that counsel appeared specially for defendants "solely for the purpose of moving to set aside the service of the summons and complaint". On February 27, 1962 counsel for defendants served by mail the present motion to quash service, challenging the validity of such a designation of an "agent" to receive service of process as not adequately calculated to give notice and intimating that Florence Weinberg, a person unknown to defendants and unrelated to them, was, inferentially, a "representative of the plaintiff in some capacity." The defendants' argument notes that Florence Weinberg was appointed (meaning, rather, nominated) by plaintiff and was, seemingly, plaintiff's agent whereas an appointed agent to receive process is meant to be an agent representative of and representing the defendants; it is urged that the "agency" here is too unreal to support service of process and is apparently a dual and, therefore, illicit and, for present purposes, an ineffective agency.

As plaintiff points out, the clause appointing Florence Weinberg was no buried fineprint clause. And, as plaintiff points out, abundant, actual notice of the service of process was promptly and punctiliously given in a manner that made the whole position plain to defendants at a glance. Plaintiff's attorney explains that, as plaintiff's General Counsel and Assistant Secretary, he supervises the proper effectuation of such services of process, seeing to it in each case that Florence Weinberg forthwith forwards to the defendant the process served on her, together with the explanatory covering letter, and seeing to it that plaintiff itself sends a separate notification letter to each defendant forthwith. Plaintiff's attorney explains that Florence Weinberg has agreed to act as designated agent of the lessees without any compensation on the part of the plaintiff.

■ Certainly under plaintiff's practice the clarity of agreement and abundance of comprehensible notice cannot be gainsaid. The principle relied on, that a defendant may agree in advance to submit himself personally to the jurisdiction of a court that, in the absence of agreement, could not extend its process upon him, is settled (Gilbert v. Burnstine, 1931, 255 N.Y. 348, 174 N.E. 706, 73 A.L.R. 1453) and, if not literally invoked by F.R.Civ.P. Rule 4(d) (1), 28 U.S.C.A., is recognized and applied in the federal courts. United States v. Balanovsky, 2d Cir. 1956, 236 F.2d 298, 303; Kenny Construction Co. v. Allen, 1957, 101 U.S.App.D.C. 334, 248 F.2d 656; Owens v. Harkins, M.D.Ala.N.D.1955, 18 F.R.D. 62.

The only possible question is whether such an agency arrangement as this for subjection to a personal jurisdiction that could not otherwise be effectively exerted requires intrinsic provision for reasonable notification, such, for example, as that exacted, in a different context, by Wuchter v. Pizzutti, 1928, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446. If so, actuality of notice is beside the point for it is not assured in advance.

Here, Florence Weinberg was not, for all that appears, a party to the transaction by which she was appointed; her acceptance of her appointment is nowhere evidenced save by her performance, many months after the lease was executed, of a duty that would have flowed from her acceptance of her appointment when it was made. It is, simply, exact to say that Florence Weinberg was not appointed the defendants' agent by their signing the lease and giving it to plaintiff. To appoint her their agent defendants had to deal with her, not plaintiff, and they did not deal with her. Hence, nothing in the lease, essaying in-

effectively to create an agency by appointment, provided for notice to defendants through the putative agent.

In theory, that was as plain to defendants as to plaintiff and it is easy to say that, therefore, defendants were the ones to make their appointment of Florence Weinberg secure and real and assure themselves of notice. Yet that would have been alien to the arrangement; it rested rather on Florence Weinberg's agreement with plaintiff, aliunde the lease and unknown to the lessees, that she would act as agent on behalf of the lessees without compensation and, strictly, without any obligation not to lay down the agency whenever she chose.

Hence the nominal appointment of Florence Weinberg as defendants' agent did not assure an agent's notice to defendants, if that was requisite. Subject to uncertain policy limitations, plaintiff would have been free to demand a plain agreement that defendants subject themselves to suit here without any notice except what plaintiff undertook to give them. Seemingly harsher, that would in fact have given a legal assurance of notice that the beguiling appearance of an agency that, doubtless through inadvertence, was legally unreal did not give, however in practice it has given defendants genuine notice. See, e. g. National Equipment Rental, Ltd. v. Karlin, Sup.Ct. Nassau Co. 1957, 6 Misc.2d 128, 166 N.Y.S.2d 27 (service on residents who had evaded process). But that was not the course chosen; the chosen course failed of its intended effect, which was not to require defendants to submit to jurisdiction on notice from plaintiff, but to supply defendants with notice through a fiduciary nominated by plaintiff but appointed by defendants. Whether, then, a provision fairly assuring notice is or is not required in principle in contracts to submit to jurisdiction, the present agency form of arrangement was based on assuring notice through an agency intended to be adequately real to produce that effect and the posited basis of the service arrangement fails with the failure of the agency arrangement to achieve intrinsic and continuing reality.

 The service of process, accordingly, was insufficient and the result is a lack of jurisdiction over the persons of the defendants. But see, Green Mountain College v. Levine, 1958, 120 Vt. 332, 139 A.2d 822. The attempted service of the summons and complaint on each defendant is therefore quashed.

It is so ordered.