NATIONAL EQUIPMENT RENTAL, LTD., Plaintiff-Appellant,

v.

Steve SZUKHENT and Robert Szukhent, Defendants-Appellees.

No. 21, Docket 27486.

United States Court of Appeals Second Circuit.

Argued Oct. 11, 1962.

Decided Dec. 6, 1962.

Leonard P. Moore, Circuit Judge, dissented.

Wilbur G. Silverman, Jamaica, N. Y., for plaintiff-appellant.

Harry R. Schwartz, Brooklyn, N. Y., for defendants-appellees.

Before CLARK, MOORE and SMITH, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge.

Defendants, residents of Michigan, obtained farm equipment in Michigan on a lease from plaintiff, a Delaware Corporation with its principal place of business in New York. Claiming default, plaintiff sued for payments under the lease in the Eastern District of New York, the marshal delivering two copies of the summons and complaint to one Florence Weinberg as agent designated in the lease for the purpose of accepting process for defendants in the State of New York. The copies were promptly forwarded by Weinberg to defendants by mail with a covering letter under an agreement between Weinberg and plaintiff to perform this service without compensation. Nothing in the lease required notice to defendants. Plaintiff also notified defendants by mail promptly on the purported service of the process. The United States District Court for the Eastern District of New York, John F. Dooling, Jr., D. J., held the service invalid and quashed the service. Plaintiff appeals. We agree with the District Court that no valid agency of Weinberg for defendants was created by the instrument in suit and affirm the order.

The lease contract here was on a printed form provided by plaintiff. There is no requirement in the purported appointment of the agent for any notice to defendants. A provision for notice would be essential to the validity of a state statute providing for substituted service on a statutory "agent". Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446 (1928). There is no such requirement when individuals freely contract for a method of substituted service. Lack of such a provision in a contract of adhesion, here involved, may, however, be considered in determining the meaning and effect of the provisions of the contract. There is no provision in the lease for any undertaking by the purported agent to act for, or give notice to her purported principal. Normally, an agency exists only if there has been a manifestation by the principal to the

agent that the agent may act on his account, and consent by the agent so to act, Restatement Agency § 15, and the agent is subject to control by the principal, Restatement Agency § 1. Plaintiff's affidavits demonstrate that Weinberg was acting under an agreement with and supervision of the plaintiff, having undertaken no obligations to defendants, to whom she was unknown. Defendants never dealt with her and had no indication of any undertaking on her part to act as their agent until receipt of the process many months later. The court properly held such a purported appointment unreal and ineffective to create a genuine agency of Weinberg for defendants.

▉ Plaintiff might have provided, with defendants' agreement, that service or notice be waived or that notice be given by plaintiff. See Bowles v. J. J. Schmitt & Co., 170 F.2d 617, 622 (2 Cir. 1948), Gilbert v. Burnstine, 255 N.Y. 348, 174 N.E. 706, 73 A.L.R. 1453 (1931). This would, however, have required defendants' consent, which might or might not have been forthcoming. The illusory purported agency provision, however, is properly held ineffective to subject defendants to suit in New York.

Affirmed.

LEONARD P. MOORE, Circuit Judge (dissenting).

The question here presented goes so much beyond the facts of this particular case that I believe my contrary view should be stated. After all, it may be said, who (except this plaintiff, of course) cares whether a Michigan farmer pays for machinery he has leased in New York? However, the federal jurisdiction problem presented here is of the greatest commercial importance to merchants and consumers who engage in interstate business transactions. Furthermore, the opinion of the majority would appear to be in conflict with Kenny Construction Co. v. Allen, 101 U.S.

App.D.C. 334, 248 F.2d 656 (1957) and Green Mountain College v. Levine, 120 Vt. 332, 139 A.2d 882 (1958).

Plaintiff, a Delaware corporation with its principal place of business in New York, is in the business of purchasing equipment on its customers' orders for leasing to the customers on terms and conditions set forth in an instrument denominated a lease. Defendants, residents of Michigan, obtained farm equipment from plaintiff pursuant to such a lease, the last operative clause of which read:

"* * * and the Lessee hereby designates Florence Weinberg, 47-21 Forty-First Street, Long Island City, New York, as agent for the purpose of accepting service of any process within the State of New York."

Plaintiff, alleging default under the lease, commenced this action in the Eastern District of New York. The Marshal delivered two copies of the summons and complaint to defendants' designated agent, Florence Weinberg, who promptly mailed them to defendants with a covering letter, explaining that they had been served upon her as the defendants' agent in accordance with the provisions of the lease. On the same day, plaintiff itself notified defendants by certified mail of the service of process on Florence Weinberg. Twenty-two days after this service, counsel for defendants notified plaintiff's attorney that he was appearing specially to set aside the service of the summons and complaint. The District Court held the service invalid and quashed it.

The clause appointing the agent was no fine print clause buried in an oppressively long and complex instrument. The entire contract is only 1¼ pages long and the agency provision is in the last paragraph appearing directly above defendants' signatures. The clause was included in the contract for the purpose of subjecting defendants to suit in the

courts [1] in New York and for no other purpose. Without such a clause plaintiff might well have refused to make the contract. To carry a New York obtained judgment to the other forty-nine States for enforcement is quite a different matter than trying lawsuits and engaging counsel for this purpose in these other States.

The trial court found that it was plaintiff's established practice to assure that prompt notice was sent to defendants of any action it brought against them. That citizens of different states may agree in advance that any disputes arising out of a commercial transaction between them shall be subject to the jurisdiction of the courts of a designated state is well established. United States v. Balanovski, 236 F.2d 298 (2d Cir. 1956); Kenny Construction Co. v. Allen, 101 U.S.App.D.C. 334, 248 F.2d 656 (1957); Erlanger Mills, Inc. v. Cohoes Fibre Mills, Inc., 239 F.2d 502 (4th Cir. 1956); Bowles v. J. J. Schmitt & Co., Inc., 170 F.2d 617 (2d Cir. 1948); Gilbert v. Burnstine, 255 N.Y. 348, 174 N.E. 706, 73 A.L.R. 1453 (1931); Restatement, Conflicts § 81; Restatement, Judgments § 18; cf. Adams v. Saenger, 303 U.S. 59, 58 S.Ct. 454, 82 L.Ed. 649 (1938).

The only question presented by this appeal [2] therefore is whether the service made on Florence Weinberg is service on "an agent authorized by appointment * * * to receive service of process" within the meaning of Rule 4(d) (1) of the Federal Rules of Civil Procedure. [3] The majority's strained search for the contract's "meaning" and "effect", and their invocation of Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446 (1928) to provide the unexpressed intendment of the parties do not obliterate the federal nature [4] of the question being here decided. Although my colleagues do not expressly evince a desire to remove Rule 4(d) (1) from the books entirely, they not only substantially rewrite the Rule but also write for the parties a contract into which they probably never would have entered.

The majority initially concede that the constitutionally dictated requirements of Wuchter v. Pizzutti, supra, do not apply to contracts entered into by individuals. Then, in the guise of construing the contract in question, they read those same requirements into Rule 4(d) (1). That this is the effect of their decision is made clear by their concern that "[t]here is no provision in the lease for any undertaking by the purported agent to * * * give notice to her purported principal." In Wuchter, the Supreme Court held invalid the non-resident motorist statute in question because "the statute of New Jersey * * * does not make provision for communication to the proposed defendant." Rule 4(d) (1) is now construed to mean that any agency arrangement that does not impose upon the designated agent a contractually unassailable duty to send notice is not sufficient to subject the appointing party

1. Such an agency designation would not subject the defendants to the jurisdiction of the courts of the State of New York. Rosenthal v. United Transp. Co., 196 App.Div. 540, 188 N.Y.S. 154 (App. Div.1921).

2. Since there was jurisdiction of the present suit solely on the ground of diversity of citizenship and since the suit was brought in the district of the plaintiff's residence, there was, by virtue of § 1391 of the Judicial Code, no want of venue and the district court was not warranted in dismissing the suit if the service of summons was effective to make the defendant a party. For a similar situation see Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 66 S.Ct. 242, 90 L.Ed. 185 (1945).

3. The agency appointment in question was framed to a large extent in the language of that Rule. The Rule, in pertinent part, reads as follows:

(4) (d) * * * Service shall be made as follows:

"(1) Upon an individual * * * by delivering a copy of the summons and of the complaint *to an agent authorized by appointment* or by law *to receive service of process.*" (Emphasis added.)

4. See Bowles v. J. J. Schmitt & Co., Inc., 170 F.2d 617 (2d Cir. 1948).

to the personal jurisdiction of the courts of the designated state. The fact that notice was actually given is held to be of no consequence.

The Supreme Court, in Wuchter, declared that in those situations in which a State may subject a non-resident individual to the jurisdiction of its courts other than through personal service within the State, due process requires that the statutory scheme provide a means of service reasonably calculated to apprise the defendant of the proceedings against him. Compare Wuchter, supra, with Hess v. Pawlowski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091 (1927). See McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). In that case the Court was dealing with the limitations on the coercive powers of the States imposed by the due process clause of the Fourteenth Amendment, and not with arrangements for service of process voluntarily agreed to by individuals. As Cardozo, J., said in related context, "The distinction is between a true consent and an imputed or implied consent, between a fact and a fiction." Bagdon v. Philadelphia & Reading Coal & Iron Co., 217 N.Y. 432, 437, 111 N.E. 1075, 1076, L.R.A.1916F, 407 (1916). See L. Hand, D. J., in Smolik v. Philadelphia & Reading Coal & Iron Co., 222 F. 148 (S.D. N.Y.1915). The demise of the implied consent theory serves only to accentuate that distinction, namely, between a voluntary and a forced subjection to the jurisdiction of the courts of a state.

Actual notice by an agent authorized by appointment to receive service of process should be dispositive. The reasoning of Justices Brandeis' and Holmes' dissent in Wuchter is, in the context of Rule 4(d) (1), compelling:

"Notice was in fact given. And it was admitted at the bar that the defendant had, at all times, actual knowledge and the opportunity to defend. The cases cited by the Court as holding that he could de-liberately disregard that notice and opportunity and yet insist upon a defect in the statute as drawn, although he was in no way prejudiced thereby, seem hardly reconcilable with a long line of authorities." 276 U.S. at page 28, 48 S.Ct. at page 264.

To allow a defendant to insist upon what the majority here holds to be a defect in this privately drafted and voluntarily agreed to agency appointment, even though he has in no way been prejudiced thereby, is the essence of formalism. The purpose of service of process is to apprise the defendant that suit has been brought against him and to give him an opportunity to defend. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Wuchter v. Pizzutti, supra; Grooms v. Greyhound Corp., 287 F.2d 95 (6th Cir. 1961); Tarbox v. Walters, 192 F.Supp. 816 (E.D.Pa.1961); American Football League v. National Football League, 27 F.R.D. 264 (D.Md.1961). Once it is found that that purpose has been served, the inquiry should come to an end.

I do not reach the question whether actual receipt of notice by the defendant is always required because here notice was received. If the agent is the nominee of the defendant, plausible argument has been made that service of process is valid even though notice is not forwarded to the defendant. Kenny Construction Co. v. Allen, 101 U.S.App. D.C. 334, 248 F.2d 656 (1957); Green Mountain College v. Levine, 120 Vt. 332, 139 A.2d 822 (1958).

In considering this question, the Vermont court said:

"The capacity of the Secretary of State to accept the appointment and the danger that he might not forward notice to the defendants were risks which they took in appointing him. Restatement, Agency, § 21." 120 Vt. at page 336, 139 A.2d at page 825.

Also apropos here are the words of the Supreme Court in the landmark case of

Pennoyer v. Neff, 95 U.S. 714, 735, 24 L.Ed. 565 (1877):

"It is not contrary to natural justice that a man who has agreed to receive a particular mode of notification of legal proceedings should be bound by a judgment in which that particular mode of notification has been followed, even though he may not have actual notice of them."

The rationale of the majority opinion would, however, extend even to the case posited. They require that the authorization to receive service of process intrinsically provide that the agent be bound to forward notice to the defendant. If, for example, defendants in the present action had selected Florence Weinberg themselves but no consideration ran to her or some other contractual infirmity existed, they would hold that service on her was invalid because she was under no obligation, no binding undertaking, to forward notice. And yet they actually go so far as to concede that a contract providing for no notice at all would have been permissible. Also implicit in the majority opinion is the thought that an appointed agent must be presumed to be faithless to his obligation and that some compensation must be paid by the principal for the services. If these are to be the legal consequences, then precautionary steps should be taken to require that the contract provide for a certificate from the agent in substance as follows: "I, Florence Weinberg, hereby agree for good and valuable consideration by me received from the Lessee, faithfully to perform my agency duties and to forward forthwith by registered mail any papers served on me."

At the heart of the majority opinion there seems to lie a mistrust of the agency provision in question because it might be construed to permit the entry of a default judgment with no notice being provided the defendants.[5] Hard cases may make bad law but easy cases, misconceived to be hard ones, make even worse law because in the latter there is not even the seeming justification attendant the former.

Defendants here received all they were entitled to. They agreed to submit to the jurisdiction of the courts in New York and that is all plaintiff required them to do. No default judgment is contemplated; they received adequate notice of the suit pending against them and were afforded ample opportunity to defend. In order to relieve them of this obligation which they voluntarily incurred, the majority throws in doubt the validity of countless provisions of a similar nature and throws the law into a state of confusion and uncertainty. If, as the majority seem to fear, this agency provision can be used as a vehicle of oppression and overreaching, I suggest that we wait until such a case is presented to us. The same Federal Rules that provide for service of process upon an agent authorized to receive such service also contain provision for the setting aside of default judgments, Rule 55(c), and for relieving a party from a final judgment, Rule 60 (b). I cannot bring myself to believe that the federal courts would not, in such a case, use the above rules to good advantage.

I would require the parties to abide by their contract and would reverse the district court.

---

5. If it should be deemed necessary in this case to engage in contract interpretation, I believe that the far more reasonable and realistic view of this agency provision, in view of the plaintiff's firmly established practice, would be one requiring that notice be given the defendants, if not by the agent, then by the principal. See the dissents of Justices Brandeis, Holmes and Stone in Wuchter v. Pizzutti, 276 U.S. 13, at pages 25 and 28, 48 S.Ct. 259, at pages 262 and 264. If proof of such notice were not forthcoming, the service of process would be properly quashed.

The nub of my disagreement with the majority, of course, is that they read into Rule 4(d) (1) the requirement that the agent be under an unassailable obligation to send notice, regardless of whether notice is actually sent by the agent, by the plaintiff, or as here, by both.