NATIONAL EQUIPMENT RENTAL, LTD., Appellant,

v.

Geo. E. REAGIN d/b/a Reagin Trucking Co., Appellee.

No. 1, Docket 28317.

United States Court of Appeals Second Circuit.

Argued Sept. 21, 1964.

Decided Nov. 30, 1964.

Wilbur G. Silverman, Jamaica, N. Y., for appellant.

Benjamin Esberg, New York City (William Biel, New York City, on the brief), for appellee.

Before LUMBARD, Chief Judge, and MOORE and SMITH, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

This is an appeal from an order of the United States District Court for the Eastern District of New York, Rosling, J., quashing service of summons and complaint upon the appellee, and from a subsequent decision of the court affirming the prior order on rehearing. The attempted service was held to be ineffective because not fully completed within the time specified for service of process by the written contract between the parties. We hold the district court's construction of the contractual language too restricted and accordingly reverse the orders.

The appellant, National Equipment Rental Ltd., is the lessor of certain equipment rented to the appellee, George E. Reagin, doing business as Reagin Trucking Co., under an equipment leasing agreement. Paragraph "21" of that agreement contains the following provisions:

> "This agreement shall be deemed to have been made in Nassau County, New York, regardless of the order in which the signatures of the parties shall be affixed hereto, and shall be interpreted, and the rights and liabilities of the parties hereto determined, in accordance with the laws of the State of New York, and as part of the consideration of the Lessor's entering into this lease, the Lessee hereby designates Florence Weinberg, 47–21 Forty-first Street, Long Island City, N. Y., as agent for the purpose of accepting service of any process within the State of New York. *Lessor agrees to notify Lessee, at Lessee's address, by certified mail, within two (2) days of such service having been effected.*"

(Emphasis added.)

On January 17, 1963, appellant instituted this action, seeking to recover rentals allegedly owing under the contract, by serving the summons and complaint on Florence Weinberg, designated in Paragraph "21" as lessee's agent for service of process in New York. That same day Weinberg transmitted the summons and complaint to the lessee. A day later, on January 18, appellant, as it was required to do in Paragraph "21," forwarded notice of service by certified mail to the appellee addressed to the Reagin Truck-

ing Co., Cushing, Oklahoma. The lessee received this notice on January 24, 1963, seven days after the initial service made on Weinberg.

Appellee moved to quash the service of the summons on the basis of an affidavit which disclosed these facts. Appellee contended, for one thing, that Florence Weinberg, as an employee of the appellant, was acting adversely to appellee's interests and could, therefore, not be appellee's agent for service of process. The district court, in originally granting the motion to quash, sustained this contention, relying to a large extent on the decision of this court in National Equipment Rental, Ltd. v. Szukhent, 311 F.2d 79 (2 Cir.1962). We held in Szukhent that an earlier version of Paragraph "21," [1] drafted by this same appellant, was defective because the purported agency of Weinberg was not genuine, and that appellant's position was not aided by the circumstance that Weinberg acted promptly in forwarding the summons and complaint.

The district court further held that strict compliance with the terms of Paragraph "21" was required and that no procedural step stated therein could be omitted if the court were to obtain jurisdiction over the person of the appellee. Jurisdiction was necessarily lacking here, the court found, because appellee did not *receive* notice by certified mail until seven days after service was made on Weinberg, and the contract required that such notice be received in two days' time. The language "at his address" was interpreted to require delivery in Cushing,

Oklahoma, and the phrase "within two (2) days" was construed to mean that every aspect of the notification process had to be completed within that time.

Following the district court's original disposition of this case the Supreme Court reversed our decision in Szukhent, National Equipment Rental, Ltd. v. Szukhent, 375 U.S. 311, 84 S.Ct. 411, 11 L. Ed.2d 354 (1964), and held that the agency of Florence Weinberg was valid for the purpose of service of process. On the basis of this reversal the district court granted appellant's motion for reconsideration and upon reconsideration reaffirmed its original order. This time the court relied entirely on appellant's failure strictly to comply with the procedural steps for service on the appellee, as those steps had been construed by the court.

The only question presented by this appeal is the narrow issue whether appellee had to receive notice by certified mail within the two day period for service to be effective under the terms of the contract. In view of the tenor of the recent Szukhent decision, we hold that notice, sufficient to give the district court personal jurisdiction over the appellee, was completed when the appellant *mailed* the registered letter within two days of the service on Weinberg. No due process question arises with regard to Weinberg's agency since Weinberg promptly transmitted the summons and complaint to the lessee's office in Oklahoma.[2]

The Court's opinion in the Szukhent case evidences a liberality, limited only by due process considerations, in the

---

1. The earlier version of the provision for service on the lessee read as follows:
    " * * * and the Lessee hereby designates Florence Weinberg, 47-21 Forty-First Street, Long Island City, New York as agent for the purpose of accepting service of any process within the State of New York."

2. The Supreme Court indicated in the Szukhent decision that had the service there not been promptly transmitted by Weinberg the agency relationship would have been invalid.

"A different case would be presented if Florence Weinberg had not given prompt notice to the respondents, for then the claim might well be made that her failure to do so had operated to invalidate the agency. We hold only that, prompt notice to the respondents having been given, Florence Weinberg was their 'agent authorized by appointment' to receive process within the meaning of Federal Rule of Civil Procedure 4(d) (1)." 375 U.S. at p. 318, 84 S.Ct. at pp. 415–416.

judicial treatment of contractual clauses which are inserted by one of the contracting parties for the purpose of obtaining personal jurisdiction over the other in the event· that a dispute arises under the contract. The Court upheld the Weinberg agency notwithstanding its very tenuous nature, and the Court was not persuaded by the fact that the provision had been inserted in the contract by the lessor for the lessor's benefit alone.[3] In brief, the decision evidences a federal policy in favor of upholding such clauses, a policy given insufficient weight by the district court when it reaffirmed its earlier decision.

■■ This construction is consistent with cases applying New York law, properly applicable here in view of our decision in Arrowsmith v. United Press International, 320 F.2d 219 (C.A.2d Cir. 1963).[4] We indicated in Arrowsmith that under Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), all questions of amenability to suit in diversity actions which involved no federal questions, should be resolved in accordance with state rather than federal standards. The federal court sitting in a diversity case should assume no more and no less jurisdiction than a state court would if the latter were presiding over the same matter. In so concluding, we find the reasoning of the Supreme Court as expressed in two decisions enforcing state "door-closing" statutes in the federal courts, Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947) and Woods v. Interstate Realty Co., 337

U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524 (1949), to be particularly cogent.

"The essence of diversity jurisdiction is that a federal court enforces State law and State policy. If North Carolina has authoritatively announced that deficiency judgments cannot be secured within its borders, it contradicts the presuppositions of diversity jurisdiction for a federal court in that State to give such a · deficiency judgment. North Carolina would hardly allow defeat of a State-wide policy through occasional suits in a federal court." Angel v. Bullington, supra, 330 U.S. at 191–192, 67 S.Ct. at 662.[5]

■■ Parties to a contract may agree in advance to submit to the jurisdiction of a given court. See, e. g., National Equipment Rental, Ltd. v. Szukhent, 375 U.S. 311, 84 S.Ct. 411 (1964); Kenny Construction Co. v. Allen, 101 U.S.App. D.C. 334, 248 F.2d 656 (D.C.Cir.1957); Bowles v. J. J. Schmitt & Co., Inc., 170 F.2d 617 (2 Cir.1948). The public policy of New York does not forbid the making of a contract to submit to jurisdiction. Gilbert v. Burnstine, 255 N.Y. 348, 174 N.E. 706, 73 A.L.R. 1453 (1931).

■ The New York courts have consistently espoused the principle that "the entire contract must be considered and, as between possible interpretations of an ambiguous term, that will be chosen which best accords with the sense of the remainder of the contract. * * * 'That interpretation is favored which will make every part of a contract ef-

3. Justice Black pointed out in his dissenting opinion that upholding the Weinberg agency resulted in substantial hardship to the lessee.

   "To give effect to the clause about service of process in this standardized form contract amounts to a holding that when the Szukhents leased these incubators they then and there, long in advance of any existing justiciable dispute or controversy, effectively waived all objection to the jurisdiction of a court in a distant State the process of which could not otherwise reach them." 375 U.S. 311, 324, 84 S.Ct. 411, 419.

4. We held in Arrowsmith that "the amenability of a foreign corporation to suit in a federal court in a diversity action is determined in accordance with the law of the state where the court sits, with 'federal law' entering the picture only for the purpose of deciding whether a state's assertion of jurisdiction contravenes a constitutional guarantee." 320 F.2d 219, 223.

5. This same paragraph is cited in Arrowsmith v. United Press International, supra, 320 F.2d at 227 n. 7.

:fective.'" Rentways, Inc. v. O'Neill Milk & Cream Co.,' 308 N.Y. 342, 347, 126 N.E.2d 271, 273.[6] The construction of the last sentence of Paragraph "21" adopted by the district court and urged upon this court by the appellee would render the service of process provisions almost meaningless. Since the completion of the entire service and notification process, as it is construed by the district court, would be an extremely difficult and in some cases impossible task to accomplish within the two day time limitation, we must choose an interpretation which would make Paragraph "21" more meaningful. We interpret that section to mean that appellant was required to *mail* the notice within the two day period and not that appellee had to receive it within that time.

The district court, in support of its position, suggests that appellant's "facile pen" alone is responsible for the inclusion of such a stringent notification procedure and that the court should not be required to rectify appellant's carelessness. The rule of construction urged by the lower court, that any fair doubt as to the meaning of the words chosen by the drafting party should be resolved against that party,[7] is inapplicable, however, where there are not two possible and reasonable interpretations. 3 Corbin, Contracts § 559 at p. 268.

The only reasonable interpretation of Paragraph "21" is that service of process and notification was complete when Weinberg promptly transmitted the service of process made on her to the appellee and the appellant, within two days of service on Weinberg, mailed the certified letter to appellee's address. This construction places no undue hardship on the appellee because he had clearly agreed to his being subjected to suit in New York.

The orders appealed from are accordingly reversed insofar as they directed quashing of service made on the appellee and the matter remanded to the district court for further proceedings.

---

6. See, e.g., Cooke v. Cooke, 208 Misc. 591, 144 N.Y.S.2d 386 (1955); In re Suffolk & Nassau Amusement Co. v. Ambrose, Sup., 143 N.Y.S.2d 427 (1955).

7. See, e.g., Mutual Life Ins. Co. of New York v. Hurni Packing Co., 263 U.S. 167, 174, 44 S.Ct. 90, 68 L.Ed. 235 (1923); Rentways, Inc. v. O'Neill Milk & Cream Co., 308 N.Y. 342, 348, 126 N.E.2d 271 (1955).