**Sonia F. ALLAND, Plaintiff,**

v.

**CONSUMERS CREDIT CORPORATION, a corporation, Defendant.**

**No. 71 Civ. 1947.**

United States District Court,
S. D. New York.

Aug. 12, 1971.

Maull & Soeiro, New York City, for plaintiff; Bradley R. Brewer, New York City, of counsel.

Schur, Rosenberg, Handler & Jaffin, New York City, for defendant; Paul Godlin, New York City, of counsel.

## MEMORANDUM

TENNEY, District Judge.

Plaintiff Sonia Alland moves the Court ex parte for an order directing entry of final judgment against defendant Consumers Credit Corporation, a finance company located in Cleveland, Ohio, on the ground that entry of such judgment and jurisdiction of this Court were expressly agreed to by the defendant in each of the two promissory notes sued upon herein.

In 1951, the defendant corporation was organized with money provided by Louis Feldman, father of Sonia Feldman Alland, the plaintiff. Prior to November 1, 1966, the stock of Consumers Credit Corporation was divided among plaintiff, her brother Raymond Feldman, and Alex Shepard (or his wife, Helen Feldman Shepard, sister of the plaintiff). Alex Shepard has been president, chief executive officer and general manager of the business since its inception in 1951.

On November 1, 1966, plaintiff and her husband, Alexander Alland, Jr., sold all of their shares in Consumers Credit Corporation to the corporation. Alex Shepard, as president, signed two promissory notes: Note 1 is payable to the plaintiff in the amount of $42,000 and Note 2 is payable to her husband, Alexander Alland, Jr., in the amount of $2,000.[1] Both notes provide for payment of interest and principal in installments on stated dates. Both contain an acceleration provision effective thirty days after notice of default. There were defaults under both notes on payments due on November 1, 1970. There-

[1]. Note 2 was assigned to plaintiff on March 1, 1971. See Exhibit "F" of the Complaint.

after, notice of default was mailed to defendant on December 9, 1970 and again on January 27, 1971. The entire unpaid balance of principal and interest on each of the notes is due and demanded in the complaint. Therefore, plaintiff claims $17,304 on Note 1 ($16,800 principal and $504 interest) and $896 on Note 2 ($800 principal and $96 interest).

Each note also contains the following paragraph:

> If any installment of this note, or interest thereon, be not paid within thirty (30) days after written notice that it is overdue, then the entire unpaid balance hereof shall at once become due and payable at the option of the holder hereof, and the undersigned hereby authorizes any attorney at law to appear in any Court of Record in the United States, after the above obligation becomes due as aforesaid, and waive the issuing and service of process and confess a judgment against the undersigned in favor of the holder hereof for the amount then appearing due, together with costs of suit, and thereupon to release all errors and waive all right of appeal.

Accordingly, plaintiff interposes a third claim in the amount of $6,066 reasonable attorney's fees as "costs of suit".

There is no question of the Court's subject matter jurisdiction in this case; federal jurisdiction exists by reason of diversity of citizenship. 28 U.S.C. § 1332 (1964). Nor has venue been contested. 28 U.S.C. § 1391 (1964). The issues before the Court are (1) whether such a confession of judgment pursuant to a warrant of attorney can confer jurisdiction on this Court, and (2) if this Court does have jurisdiction, whether such a confession of judgment would be invalidated by the application of New York or Ohio law.

■ With regard to the first issue, it is settled "that parties to a contract may agree in advance to submit to the jurisdiction of a given court, to permit notice to be served by the opposing party, or even to waive notice altogether." National Equipment Rental, Ltd. v. Szukhent, 375 U.S. 311, 316, 84 S.Ct. 411, 414, 11 L.Ed.2d 354 (1964). See also Kenny Construction Co. v. Allen, 101 U.S.App. D.C. 334, 248 F.2d 656 (1957) and Bowles v. J. J. Schmitt & Co., 170 F.2d 617 (2d Cir. 1948). Consent traditionally has been a basis for the exercise of in personam jurisdiction over a defendant. The test set forth by the Second Circuit in 1948 is "what the defendant, through its president, must be reasonably held to have expected from the execution of the document." Bowles v. J. J. Schmitt & Co., 170 F.2d 617, 622 (2d Cir. 1948). Since the document in question clearly provides that judgment may be entered in "any Court of Record in the United States" and since the plaintiff resided in New York at the time of the execution of the notes and has continued to reside here up to the present time, it would be reasonable to expect that any suit relating to the transaction involved herein would be brought in New York. Under these circumstances, it is difficult to avoid the conclusion that defendant's consent to the jurisdiction of this Court as expressed in the two promissory notes was intelligently given.

■ What has given the courts pause, however, is the validity of a waiver of notice provision. Notice and an opportunity to be heard are essential elements of fourteenth amendment due process, and the presumption is against the waiver of a federal constitutional right. Thus, courts carefully scrutinize such waivers for any signs of unfairness or overreaching. Swarb v. Lennox, 314 F.Supp. 1091 (E.D.Pa.1970).

In the instant case, I find that the agreement was a product of arms-length bargaining between the parties. At the time the promissory notes were signed, the debtor corporation had been operating as a finance company under the management of Alex Shepard for approximately fifteen years. Consequent-

ly, there can be no doubt that the corporate promissor was completely familiar with the language of promissory notes and with the legal consequences thereof. There can be no question that the defendant knew of the confession of judgment clause, warrant of attorney and waiver of notice provisions since, in fact, both promissory notes were either drafted by defendant's own attorneys or carefully reviewed by them before being executed by its president, signing officer and sole shareholder, Alex Shepard. Under these circumstances, I find that defendant's waiver of notice of suit through its president, Alex Shepard, was a conscious and meaningful act.

Moreover, the defendant corporation, although not formally served with process, does have actual notice of this suit. On March 2, 1971, plaintiff's attorney informed Alex Shepard by telephone that if payment in full were not received by March 5, 1971, prompt legal action would be taken to enforce both notes pursuant to the provisions thereof.[2] In response, Mr. Shepard stated that he was aware that he was in default, but had decided not to pay the notes until forced to do so.[3]

Thus, the instant case is distinguishable from Walker v. City of Hutchinson, 352 U.S. 112, 77 S.Ct. 200, 1 L.Ed.2d 178 (1956) and Mullane v. Central Hanover Bank, 339 U.S. 306, 70 S.Ct. 652, 94 L. Ed. 865 (1950), wherein the Supreme Court held that deprivation of substantial property rights of known persons without actual notice was a violation of fourteenth amendment due process. The situation here is more closely akin to that in National Equipment Rental, Ltd. v. Szukhent, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964), where defendants had waived notice, but in fact had received notice of the pending action. Here, as in *Szukhent*, the Court does not "reach the situation where no personal notice has been given to the defendant." 375 U.S. at 315, 84 S.Ct. at 414.

Therefore, I find that under the circumstances of this case, where defendant debtor is a finance company familiar with promissory notes, their language and legal effects, and where the agreement is the result of arms-length bargaining between the parties, and where the notes either were drafted by the corporate debtor's own attorneys or were carefully reviewed by them before being signed by its president, a person of considerable experience in the financing field, a note containing a confession of judgment pursuant to a warrant of attorney and a waiver of notice provision validly confers jurisdiction on this Court, especially when the defendant has actual notice of the suit.

As to the second issue raised by this case—whether, even if federal jurisdiction is established over the defendant, the application of state law would invalidate the confession of judgment herein—the Court holds that the entry of a confession of judgment "is a matter of procedure where the federal rules govern." Bowles v. J. J. Schmitt & Co., 170 F.2d 617, 620 (2d Cir. 1948). *See also* United States v. Stuart, 392 F.2d 60 (3d Cir. 1968).

This Court notes with approval recent cases which have held invalid as violative of due process state statutory procedures allowing entry of confession of judgment upon a warrant of attorney by a prothonotary. *See, e. g.,* Osmond v. Spence, 327 F.Supp. 1349 (D.Del.1971); Swarb v. Lennox, 314 F.Supp. 1091 (E. D.Pa.1970); Atlas Credit Corp. v. Ezrine, 25 N.Y.2d 219, 303 N.Y.S.2d 382, 250 N.E.2d 474 (1969). In those cases entry of judgment was a mere formality. Under federal procedure, however, the process for entry of such judgment is not left to a clerk, but is presided over by a district judge exercising judicial discretion at each stage of the proceedings. Thus, the debtor is protected in that a determination is made as to whether there has been an actual default

---

2. Plaintiff's Motion Papers at 5.

3. Plaintiff's Motion Papers at 6.

and as to the amount of the judgment demanded. In the instant case, plaintiff's complaint and motion papers contain ample evidence of defendant's default and the amount it owes to plaintiff in the form of signed affidavits and copies of the notes in question.

Accordingly, and for the foregoing reasons, plaintiff's ex parte motion for entry of judgment against defendant in the amount of $17,304 on Note 1 and $896 on Note 2 is granted. Plaintiff's claim for $6,066 attorney's fees, however, is denied. "Costs of suit" reasonably refers to mere filing fees rather than attorney's fees.

So ordered.